UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM BLAIR BOYCE, Assignee and Real Party in Interest,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

Case No. _____

## COMPLAINT

Plaintiff Malcolm Blair Boyce ("Plaintiff"), as Assignee and Real Party in Interest, alleges as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff is domiciled in New York County, New York.

2. Defendant JPMorgan Chase Bank, N.A. is a national banking association whose main office is located in the State of Ohio for jurisdictional purposes.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks enforcement of a $250,000 credit accommodation and related damages.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant conducts substantial business here and key events occurred within this District.

### II. PARTIES

6. Plaintiff Malcolm Blair Boyce is the assignee and current owner of the claim originally held by Zero Point MGMT. Plaintiff acquired all rights, title, and interest in the

underlying claim through a written assignment executed on November 26, 2025. Any reference in that assignment to an earlier docket number is descriptive only and does not limit the scope of the assignment or Plaintiff's right to assert the claim in this action.

7. Defendant JPMorgan Chase Bank, N.A. is a national banking association that maintains branches and conducts business within the Southern District of New York.

## III. FACTUAL BACKGROUND

8. On or about April 19, 2025, Plaintiff submitted a credit application seeking a $250,000 credit accommodation.

9. In support of the application, Plaintiff tendered a complete performance package, including the Affidavit of Trust Credit Tender and Security Interest, the Trust Collateral Addendum for Credit Application, and supporting fiduciary documentation.

10. Plaintiff's tender constituted lawful performance, valid consideration, and security under applicable commercial law principles.

11. Defendant failed to address the tender, failed to provide a substantive response, and issued only a blanket denial citing an unsupported "entity type" restriction.

12. Plaintiff thereafter issued a Reconsideration Request, a Notice of Fault and Opportunity to Cure, and an Affidavit of Final Dishonor and Enforcement.

13. Defendant failed to cure or rebut any point of law or fact and took no action to resolve or perform on the obligations owed.

14. Defendant is in final dishonor and default, having refused to perform while retaining the benefit of Plaintiff's disclosures and tender.

## IV. CAUSES OF ACTION

## COUNT I — BREACH OF CONTRACT

15. Plaintiff repeats and realleges all prior paragraphs.

16. Plaintiff tendered full performance and satisfied all conditions necessary to create a binding obligation.

17. Defendant wrongfully refused to honor the application, failed to respond to the tender, and failed to cure upon notice.

18. Defendant's conduct constitutes breach of contract and wrongful refusal to perform.

## COUNT II — WRONGFUL DISHONOR / FAILURE TO PERFORM AFTER TENDER

19. Plaintiff repeats and realleges the preceding allegations.

20. Plaintiff tendered lawful performance and collateral documentation supporting the credit accommodation.

21. Defendant failed to acknowledge, process, or respond to the tender, constituting dishonor and nonperformance.

22. Plaintiff suffered harm as a result of Defendant's refusal to honor the tender.

## COUNT III — UNJUST ENRICHMENT

23. Plaintiff repeats and realleges the preceding allegations.

24. Defendant received and retained the benefit of Plaintiff's tender materials and disclosures.

25. Defendant's refusal to perform while retaining those benefits constitutes unjust enrichment.

## COUNT IV — DECLARATORY JUDGMENT

26. Plaintiff repeats and realleges the preceding allegations.

27. A real controversy exists regarding Plaintiff's tender and Defendant's obligations arising from the credit application and tender.

28. Plaintiff seeks a declaratory judgment affirming that:
    a. Plaintiff's tender constituted valid performance;
    b. Defendant's refusal to honor the credit accommodation constituted breach and dishonor;
    c. Plaintiff is entitled to enforcement and judicial remedy.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

a. Enforcement of the $250,000 credit accommodation,

b. Damages in an amount to be determined at trial;

c. Declaratory judgment affirming Plaintiff's tender and enforcement rights;

d. Costs of suit;

e. Any other relief the Court deems just and proper.

## VERIFICATION

I Malcolm Blair Boyce, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,
/s/MalcolmBlairBoyce
Malcolm Blair Boyce
Assignee and Real Party in Interest
350 Canal Street Suite 194