

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

December 11, 2025

<u>**VIA ECF**</u>

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
40 Foley Square, New York, NY 10007

Re:     *Malcolm Blair Boyce v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-CV-10131—
Notification to Court of Relatedness to Existing Action in This District (Case No. 1:25-cv-
08413-GBD-GS)

Dear Judge Carter:

My firm is counsel for JPMorgan Chase Bank, N.A. ("Chase"), the defendant in the above-
captioned matter.  Pursuant to Rule I.A. of Your Honor's Individual Rules and Practices, we write
pursuant to Local Civil Rule 1.6 to notify the Court that this case is related to a similar case pending
before Judge Daniels and Magistrate Judge Stein in this Court.  That related action is *Zero Point
MGMT v. Chase Bank/JP Morgan Chase Co.*, No. 1:25-CV-08413-GBD-GS (the "*Zero Point*
Action").

## The First-Filed *Zero Point* Action Pending in This District

Mr. Boyce initially filed the *Zero Point* Action in New York state court on September 21,
2025.  Chase timely removed the case to this Court on October 10, 2025.  In the *Zero Point* Action,
Zero Point identified itself as a "private irrevocable trust organized under the laws of the State of
New York."  *Zero Point*, Dkt. No. 1-1 ¶ 3.  In its complaint, Zero Point alleged that Chase
purportedly wrongfully denied a "$250,000 credit accommodation," *id.* ¶¶ 5-10, and brought
claims for (1) "breach of contract/dishonor of tender," (2) unjust enrichment, (3) "commercial
dishonor and estoppel," and (4) declaratory relief.  *Id*. ¶¶ 11-22.  The *Zero Point* Action was
commenced *pro se*, on behalf of Zero Point, by Malcolm Blair Boyce, identified as Zero Point's
"duly appointed Trustee."  *Id*.

Trusts, as artificial entities, cannot proceed *pro se*.  After briefing on this issue, Magistrate
Judge Stein held that Mr. Boyce had not established a basis for proceeding *pro se* and that Zero
Point MGMT must retain counsel if it wishes to pursue the *Zero Point* Action.  *See Zero Point*
Action, Dkt. No. 20 at 2.  Among other things, the Court rejected Mr. Boyce's argument that an
assignment executed on October 30, 2025 permitted him to proceed as the "real party in interest,"
noting that the Second Circuit has disapproved of attempts to circumvent the prohibition on *pro se*
representation of trusts via assignment.  *Id*. at 4-5.  The Court ordered Zero Point MGMT to appear
through counsel by January 9, 2026 or face dismissal for failure to prosecute.  *Id*. at 12.  Shortly
after this ruling was rendered, Mr. Boyce moved to substitute himself as plaintiff in the *Zero Point*
Action (based in part on yet another assignment, dated November 26, 2025).  The Court denied
that motion, too, for similar reasons as its prior order.  *Zero Point* Action, Dkt. No. 25.

**<u>This Second, Duplicative Action</u>**

Following the Court's holdings in the *Zero Point* Action, Mr. Boyce filed the Complaint in this case, in which he seeks the same relief as in the *Zero Point* Action. Just as in the *Zero Point* Action, Mr. Boyce "seeks enforcement of a $250,000 credit accommodation" (Dkt. No. 1 ¶ 3) as the "assignee and current owner of the claim originally held by Zero Point MGMT" pursuant to an assignment dated November 26, 2025. *Id*. ¶ 6. Mr. Boyce brings similar claims to those in the *Zero Point* Action for (1) breach of contract, (2) "wrongful dishonor/failure to perform after tender," (3) unjust enrichment, and (4) declaratory judgment. *Id*. ¶¶ 15-28.

When filing this case, Mr. Boyce did not identify the *Zero Point* Action as a related case on the Civil Cover Sheet. Thus, in accordance with Local Civil Rule 1.6, Chase brings this to the Court's attention and requests that this case be transferred to Judge Daniels and Magistrate Judge Stein, who are overseeing the *Zero Point* Action. Chase will also notify Judge Daniels and Magistrate Judge Stein of the filing of this new case.

We thank the Court for its attention to this matter and are available at the Court's convenience should the Court have any questions.

Respectfully submitted,

*/s/ Sylvia E. Simson*

Sylvia E. Simson

CC: Malcolm Blair Boyce (via email)