UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZERO POINT MGMT, by and through
Trustee MALCOLM BLAIR BOYCE,

                    Plaintiff,

        -against-

CHASE BANK/JP MORGAN CHASE
CO.,

                    Defendant.
------------------------------------------------------------------X

MALCOLM BLAIR BOYCE,

                    Plaintiff,

        -against-

JP MORGAN CHASE BANK, N.A.,

                    Defendant.
------------------------------------------------------------------X

25 Civ. 8413 (GBD) (GS)

**ORDER**

25 Civ. 10131 (GBD) (GS)

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

      In its November 24, 2025 Opinion & Order ("O&O"), the Court found that Malcolm Blair Boyce ("Boyce"), who is not an attorney, could not prosecute *Zero Point MGMT v. Chase Bank/JP Morgan Chase Co.*, No. 25 Civ. 8413 (S.D.N.Y.) ("First Action") *pro se* on behalf of Plaintiff Zero Point MGMT ("Zero Point"), which is a trust, and that Zero Point must retain counsel to represent it. (First Action, Dkt. No. 20). On December 5, 2025, the Court issued an Order ("Order") denying Zero Point's motion to substitute Boyce for itself as the plaintiff in the

1

First Action and reiterated that Zero Point must retain counsel to prosecute the First Action by January 9, 2026 or risk dismissal of its claims. (First Action, Dkt. No. 25).

Also on December 5, 2025, Boyce initiated a second action under his own name in *Malcolm Blair Boyce v. JP Morgan Chase Bank, N.A.*, No. 25 Civ. 10131 (S.D.N.Y.) ("Second Action"), based on substantially the same factual allegations. (*Compare* First Action, Dkt. No. 1, *with* Second Action, Dkt. No. 1). The Second Action has been deemed related to the First Action and both are now pending before the Honorable George B. Daniels and the undersigned. (Second Action, Dkt. Entries dated Dec. 16, 2025).

On December 17, 2025, Defendant JP Morgan Chase Bank, N.A. ("Chase") filed a letter seeking to dismiss or stay the Second Action as duplicative of the First Action or, in the alternative, reiterating its request to extend its time to respond to the Complaint in the Second Action from December 29, 2025 to January 29, 2026. (Second Action, Dkt. No. 13; *see id.*, Dkt. No. 10). In response, Boyce submitted a letter stating that because the Second Action "involve[es] a different plaintiff," it "proceeds on an independent procedural footing" and Chase should be required to respond to the Complaint in the Second Action in the ordinary course. (First Action, Dkt. No. 28; *see also* Second Action, Dkt. No. 12). In addition, and as reflected in Boyce's letter, on December 18, 2025, Zero Point (through Boyce) filed a notice informing the Court that it will not be retaining counsel for the First Action and stating that it

would not oppose administrative closure or dismissal of the First Action without prejudice. (First Action, Dkt. No. 27).

Having considered the parties' submissions, the Court orders as follows:

1. The Second Action, which appears to be duplicative of the First Action and to be another impermissible attempt to circumvent the rule barring a non-lawyer from representing an artificial entity in federal court (*see* O&O at 4-5, 10; Order at 2-3), is hereby STAYED pending a determination of whether the First Action will proceed. Chase's time to answer or otherwise respond to the Complaint in the Second Action is adjourned *sine die*.

2. The First Action shall not be stayed or dismissed in deference to the Second Action at this time. Zero Point is again reminded that, pursuant to the O&O, it must notify the Court as to whether it has retained counsel for the First Action by no later than January 9, 2026, or risk dismissal of its claims. (O&O at 12; *see* Order at 4). Although Zero Point has already indicated its intention not to retain counsel, the Court will nonetheless give it an opportunity to do so by January 9, 2026, as stated in the O&O. Should Zero Point fail to notify the Court that it has retained counsel by that date, Chase is directed to submit a letter by January 13, 2026 proposing a deadline for its filing of a motion to dismiss.

**SO ORDERED.**

DATED:   New York, New York
         December 22, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge