**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MALCOLM BLAIR BOYCE,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

Case No. 1:25-cv-10131 (GBD)(GS)

*Application denied. For the reasons stated in the Court's December 22, 2025 Order (Dkt. No. 14), this action shall remain stayed pending resolution of Defendant's anticipated motion to dismiss. Plaintiff may address any arguments concerning party status in his objection to the anticipated motion.  SO ORDERED.*

*Date:   February 25, 2026*

**Gary Stein**
**United States Magistrate Judge**
**Southern District of New York**

### NOTICE OF MOTION AND MOTION FOR LIMITED RELIEF FROM STAY

PLEASE TAKE NOTICE that Plaintiff Malcolm Blair Boyce respectfully moves this Court for limited relief from the existing stay for the sole purpose of permitting filing and adjudication of Plaintiff's Motion to Substitute Real Party in Interest pursuant to Federal Rule of Civil Procedure 17(a)(3).

### INTRODUCTION

Plaintiff does not seek to disturb the stay in its entirety. Rather, Plaintiff seeks narrowly tailored relief limited to resolving a threshold procedural issue concerning party status. Federal courts possess inherent authority to manage their dockets and modify stays when doing so promotes efficiency and orderly adjudication. See Landis v. North American Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706 (1997).

### BACKGROUND

The Court previously stayed Defendant's obligation to respond to the Complaint. Since entry of that stay, Plaintiff executed a complete and unconditional Assignment of Claim transferring full ownership of the claims at issue to himself individually.

Federal Rule of Civil Procedure 17(a)(3) provides that a court may not dismiss an action for failure to prosecute in the name of the real party in interest without first

allowing substitution. Once substitution occurs, the action proceeds as if originally commenced by the real party in interest.

**ARGUMENT**

I. THE COURT RETAINS AUTHORITY TO GRANT LIMITED RELIEF FROM STAY

A district court has broad discretion to modify, clarify, or partially lift a stay to promote judicial economy and efficient case management. See Landis, 299 U.S. at 254. Here, limited relief will allow the Court to resolve the real-party-in-interest issue before further motion practice occurs.

II. THE REQUEST IS NARROW AND DOES NOT CIRCUMVENT THE STAY

Plaintiff does not seek to lift the stay as to Defendant's obligation to answer. The requested relief is confined to filing and adjudicating the Rule 17 motion. This request ensures compliance with Rule 17 and avoids unnecessary procedural disputes. It is not an attempt to evade or undermine the Court's prior order.

III. RESOLVING RULE 17 FIRST PROMOTES JUDICIAL EFFICIENCY

Adjudicating substitution before further briefing will streamline the litigation. If substitution is granted, any standing or representation argument becomes moot. Resolving this threshold issue first conserves judicial resources and clarifies the procedural posture before substantive motion practice proceeds.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant limited relief from the stay solely to permit filing and adjudication of Plaintiff's Motion to Substitute Real Party in Interest under Rule 17(a)(3).

Respectfully submitted,

_____

Malcolm Blair Boyce
Plaintiff, Pro Se
Date: 2/16/26

# EXHIBIT A

**ABSOLUTE ASSIGNMENT OF CLAIM**

Date: November 26th, 2025

**Assignor:**
ZERO POINT MGMT
By: Malcolm Blair Boyce, Trustee

**Assignee:**
MALCOLM BLAIR BOYCE, Individual

**1. Assignment**

Assignor hereby absolutely assigns, transfers, and conveys to Assignee:

- All right, title, and interest in the cause of action asserted in *Zero Point MGMT v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-08413;

- All associated enforcement rights, remedies, and interests.

Assignor retains no beneficial, residual, or equitable interest in the cause of action.

**2. Intent of Transfer**

This assignment is executed for the purpose of placing complete ownership of the cause of action in the hands of the real party in interest, allowing the action to proceed in the Assignee's individual capacity and eliminating any representational conflict involving the trust.

**3. Acceptance**

Assignee hereby accepts full and exclusive personal ownership of the cause of action and all rights arising therefrom.

**Assignor:**

ZERO POINT MGMT

By: _Malcolm Boyce_____
Malcolm Blair Boyce, Trustee
Date: ____11/26/2025_____

**Assignee:**
_____Malcolm Boyce_____
Malcolm Blair Boyce, Individual
Date: ____11/26/2025_____

**STATE OF** _____Nevada_____ )

**COUNTY OF** _____Clark_____ ) ss.:

On this __26th_ day of _____November_____, 2025, before me, the undersigned Notary Public, personally appeared MALCOLM BLAIR BOYCE, known to me or satisfactorily proven to be the individual whose name is subscribed to the foregoing Absolute Assignment of Claim, and acknowledged that he executed the same:

- in his capacity as Trustee of ZERO POINT MGMT, as Assignor; and

- in his individual, non-fiduciary capacity, as Assignee.

Notary Public _B✓J✓_

My commission expires: ____01/25/2029_____

**Brion Lawlor**
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 25-9552-01
Expires January 25, 2029

Notarized remotely using audio-video communication technology via Proof.