# Exhibit 11

GT GreenbergTraurig

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

October 20, 2025

**VIA ECF**

Hon. George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Zero Point MGMT v. Chase Bank/JP Morgan Chase Co.*, No. 1:25-CV-08413—Motion Requesting Clarifying Guidance Given That Plaintiff Trust Is Unrepresented

Dear Judge Daniels:

My firm is counsel for defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-captioned action. Pursuant to Rule II.A of Your Honor's Individual Rules and Practices, Chase writes to request the Court's guidance regarding the Plaintiff trust in this case being represented by its Trustee, Malcolm Blair Boyce, a non-lawyer.

By way of background, in its Complaint, Plaintiff Zero Point Mgmt alleges it is a "private irrevocable trust organized under the laws of the State of New York, acting by its duly appointed Trustee, Malcolm Blair Boyce." Compl. (Doc. No. 1-1) ¶ 3. In its Notice of Removal, Chase noted that "[t]he face of the Complaint does not list counsel for the Plaintiff trust, which Mr. Boyce purported to file on the trust's behalf. Mr. Boyce is not an attorney barred in the State of New York according to the New York State Unified Court System lookup function." Doc. No. 1 ¶ 6. Chase also flagged that "[i]t is well-settled that *pro se*, non-lawyer plaintiffs may not represent a trust or any other artificial entity," cited authorities in support of that point, and "reserve[d] all rights in connection with this artificial entity's attempt to represent itself *pro se*, including but not limited to the right to seek dismissal on this basis." *Id.* ¶ 7. Chase provided Mr. Boyce a copy of its removal papers via email and also served it in paper copy; he has since confirmed receipt of them.[1] Plaintiff has not indicated that it plans to retain counsel nor addressed this threshold issue with Chase.

As Chase noted in its Notice of Removal, it is well established that artificial entities, including trusts, may not proceed *pro se* and that a non-lawyer trustee may not represent a trust. *See, e.g.*, *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009) (explaining that a "*pro se* plaintiff is not permitted to bring this action . . . on behalf of the Trusts she purports to represent" and collecting cases for this proposition across the federal circuits); *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *see also Barton*

[1] Chase has similarly provided Plaintiff with copies of all e-notifications from this Court since removal through Mr. Boyce. Chase will continue to provide copies of all materials in this case to Plaintiff through Mr. Boyce by email, including this letter.

*LLP v. Maho Partners LLC*, 2022 WL 2533111, at *1 (S.D.N.Y. July 7, 2022) (Daniels, J.) ("a corporation may only be represented through counsel"). Indeed, courts in this District have very recently dismissed similar suits against Chase on this very basis. *See Karakova v. JP Morgan Chase Bank, N.A.*, No. 24-mc-310-JGK (S.D.N.Y. May 23, 2025) at Doc. No. 29 (dismissing the complaint where plaintiff trust failed to retain an attorney to file an amended complaint, after Chase raised the lack of representation and Plaintiff was provided ample opportunity to retain counsel); *Nasledie Davudova Express Trust v. JP Morgan Chase Bank, N.A.*, 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024) (dismissing case and explaining that "[c]orporations, nonprofit organization [sic], and other artificial entities like trusts must be represented by counsel," and thus plaintiff "cannot proceed pro se on behalf of a trust").

As Mr. Boyce may not represent Plaintiff in this action *pro se*, and in the interest of conserving judicial and party resources and obviating the need for potentially unnecessary substantive briefing on a motion to dismiss, Chase requests that the Court provide guidance on this matter, such as to provide Plaintiff a deadline by which to secure counsel or risk dismissal. Should the Court elect to proceed in that manner, Chase requests that this deadline be well before its current deadline to respond to the Complaint of November 7, 2025, *see* Doc. No. 6, or alternatively, that Chase be provided a further extended deadline to respond to the Complaint that post-dates Plaintiff's confirmation as to whether it will retain counsel or not.

We thank the Court for its attention to this matter and are available if the Court has any questions.

Respectfully submitted,

/s/ *Sylvia E. Simson*

Sylvia E. Simson

CC: Malcolm Blair Boyce (via email)