# Exhibit 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZERO POINT MGMT, Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., Defendant.

Case No. 1:25-cv-08413-GBD-GS

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LETTER MOTION**

Honorable Gary Stein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Stein:

Plaintiff respectfully submits this response to Defendant's October 20, 2025 Letter Motion (ECF 7), which requests "clarifying guidance" regarding representation of the Plaintiff Trust. The request rests on an incorrect premise—that the Trust remains an unrepresented artificial entity.

On October 20, 2025, Plaintiff filed a Notice of Entry (ECF 6) that enclosed:

1. A Notice of Trustee Status & Reservation of Rights;
2. An executed Assignment of Cause of Action, transferring to the undersigned, in fiduciary capacity, all enforcement rights, title, and interest in this claim; and
3. A Declaration under 28 U.S.C. § 1746, executed under penalty of perjury, verifying the validity of that assignment and fiduciary authority.

These filings establish that Malcolm Blair Boyce, as Trustee, now holds the cause of action and prosecutes it in fiduciary capacity as the real party in interest under Fed. R. Civ. P. 17(a)(1)(E). The Trust itself is therefore not appearing pro se, and no unauthorized representation exists.

The cases cited by Defendant—including *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298 (E.D.N.Y. 2009), *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257 (S.D.N.Y. 2007), and *Nasledie Davudova Express Trust v. JPMorgan Chase Bank, N.A.*, 2024 WL 4769687 (S.D.N.Y. Nov. 13, 2024)—each involved trustees who attempted to represent their trusts directly, without any indication in the record of a lawful assignment or transfer of enforcement rights. By contrast, in this case, the cause of action has been formally conveyed to the undersigned by executed Assignment of Cause of Action and verified through sworn Declaration under 28 U.S.C. § 1746. The undersigned is both the sole Trustee and sole Beneficiary of the Trust, eliminating any absent interests and distinguishing this matter from those authorities.

Relief Requested: Plaintiff respectfully requests that the Court deny Defendant's request for guidance compelling counsel, recognize that the case proceeds properly through the Trustee as real party in interest, and permit this action to continue on the merits. In the alternative, for administrative clarity only, Plaintiff has no objection if the caption is construed as "Malcolm Blair Boyce, Trustee for Zero Point MGMT," without requiring substitution or counsel.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Malcolm Blair Boyce
Malcolm Blair Boyce, pro se
Trustee & Fiduciary Representative for ZERO POINT MGMT
350 Canal Street, Suite 194
New York, NY 10013
Email: malcolmbboyce@gmail.com

Dated: October 21, 2025

Case 1:25-cv-08341-GBD-GS Document 21-1 Filed 10/21/25 Page 4 of 4

**Certificate of Service**

I certify that on October 21, 2025, I served a true and correct copy of this Response to Defendant's Letter Motion (ECF 7) by electronic mail upon counsel for Defendant,

Greenberg Traurig, LLP
Sylvia E. Simson, Esq.; John C. Molluzzo Jr.
One Vanderbilt Avenue,
New York, NY 10017
(Emails: SimsonS@gtlaw.com; MolluzzoJ@gtlaw.com).

/s/ Malcolm Blair Boyce
Malcolm Blair Boyce