# Exhibit 13

Case 1:25-cv-08413-GBD-GS Document 16 Filed 11/25/25 Page 1 of 19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Zero Point MGMT, Plaintiff,

v.

JPMorgan Chase Bank, N.A., Defendant.

Case No. 1:25-cv-08413 (GBD)(GS)

**Plaintiff's Response to Defendant's November 3 Letter and Submission of Supporting Authority Pursuant to Dkt. 15**

Honorable Gary Stein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Stein:

Pursuant to the Court's November 4, 2025 Order (Dkt. 15), Plaintiff respectfully submits the following authorities supporting the position stated in Plaintiff's October 21 letter (Dkt. 11) that the undersigned is the real party in interest under Federal Rule of Civil Procedure 17(a)(1)(E).

**1. Rule 17(a)(1)(E) Authorizes This Appearance**

Rule 17(a)(1)(E) provides that "a trustee of an express trust may sue in the trustee's own name without joining the person for whose benefit the action is brought." When a trustee or assignee possesses legal title and control of the claim, that party is the real party in interest. Navarro Sav.

Ass'n v. Lee, 446 U.S. 458, 464-66 (1980); Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 285 (2008).

The Assignment of Cause of Action executed October 20, 2025, conveys "all right, title, and interest" in the pending claim from Zero Point MGMT to Malcolm Blair Boyce. Because the trust retains no separate ownership, the undersigned alone holds the enforceable right and qualifies as the real party in interest under Rule 17(a)(1)(E).

**2. The Assignment Is a Complete Transfer**

An assignment that conveys "all right, title, and interest" constitutes a full transfer of ownership rather than a limited authorization. Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 17 (2d Cir. 1997); ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991).

A copy of the executed Assignment of Cause of Action, dated October 20, 2025, is attached as Exhibit A for the Court's convenience. The instrument was duly executed and notarized, transferring the entire cause of action—not merely authority to act—and therefore divested the Trust of ownership. No separate entity remains to be represented, and no "unauthorized representation" exists.

**3. Rule 17(a)(3) Cures Any Technical Timing Question**

Even if a question of capacity existed when the action was filed, Rule 17(a)(3) directs that an action "must not be dismissed until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted." This rule is applied liberally. Fed. Home Loan Mortg. Corp. v. Mendel, 894 F. Supp. 2d 107, 111 (E.D.N.Y. 2012).

The Assignment—executed prior to this Court's current order—constitutes ratification by the real party in interest and satisfies Rule 17(a)(3). Thus, dismissal or limitation based on form would be inconsistent with the Rule's mandate.

**4. No Policy Violation or Unauthorized Practice Exists**

Where the trustee and beneficiary are the same individual, courts hold that no unauthorized representation arises because no distinct interests are represented. Weaver v. United States, 98 Fed. Cl. 680, 684 (2011); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1260 (3d Cir. 1994).

As further confirmed by the notarized Amendment to Declaration of Trust, dated October 11, 2025 (Exhibit C, names of non-party individuals redacted under Fed. R. Civ. P. 5.2), the undersigned is the sole trustee and sole beneficiary of Zero Point MGMT. The attached Certificate of Trust, dated July 29, 2025 (Exhibit B), establishes the Trust's existence and the undersigned's original appointment and continuing authority as Trustee under New York law. Together, these instruments demonstrate that no separate beneficial interests exist and that the undersigned appears solely to prosecute a claim personally owned under Rule 17(a)(1)(E).

**5. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court recognize the Assignment of Cause of Action as a complete and valid transfer of ownership and confirm that the undersigned, as assignee and real party in interest, may continue this action pro se under Rule 17(a)(1)(E).

Respectfully submitted,

/s/ Malcolm Blair Boyce
Trustee & Fiduciary Assignee for Zero Point MGMT
350 Canal Street, Suite 194
New York, NY 10013
malcolmbboyce@gmail.com
Dated: November 11, 2025

Certificate of Service

I certify that on November 11, 2025, I served a true and correct copy of this letter and its attachments (Exhibits A through C) by electronic mail upon counsel for Defendant, Greenberg Traurig LLP, to the attention of Sylvia E. Simson at SimsonS@gtlaw.com and John C. Molluzzo at MolluzzoJ@gtlaw.com

/s/ Malcolm Blair Boyce
Malcolm Blair Boyce

**Exhibit Index**

The following exhibits are attached in support of Plaintiff's Response and Submission of Supporting Authority Pursuant to Dkt. 15:

- **Exhibit A** – Assignment of Cause of Action (October 20, 2025)
- **Exhibit B** – Certificate of Trust – Zero Point MGMT (July 29, 2025)
- **Exhibit C** – Amendment to Declaration of Trust (October 11, 2025, redacted under Fed. R. Civ. P. 5.2)

Respectfully submitted,

/s/Malcolm Blair Boyce
Trustee & Fiduciary Assignee for Zero Point MGMT

# EXHIBIT A

Case 1:25-cv-08413-GBD-GS Document 21-6 Filed 10/27/25 Page 8 of 19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ZERO POINT MGMT,** Plaintiff,

v.

**JPMORGAN CHASE BANK, N.A.,** Defendant.

**Case No.** 1:25-cv-08413

## ASSIGNMENT OF CAUSE OF ACTION

### I. Parties

**Assignor**:

ZERO POINT MGMT, a private irrevocable trust, by and through its duly appointed Trustee, Malcolm Blair Boyce.

**Assignee**:

Malcolm Blair Boyce, Trustee and Sole Beneficiary of ZERO POINT MGMT, appearing pro se pursuant to Fed. R. Civ. P. 17(a)(1)(E).

### II. Background and Purpose

1. ZERO POINT MGMT is the plaintiff in *Zero Point MGMT v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-08413, pending in this Court (the "Action").
2. Because a trust is an artificial entity that must act through a fiduciary, it is necessary that the Trust's cause of action be carried forward in the name of the real party in interest so that no right is lost for want of proper standing.
3. Malcolm Blair Boyce is both the sole trustee and the sole beneficiary of the Trust. Accordingly, no other person or entity holds any beneficial or equitable interest in the

Trust or this cause of action. Because there are no other parties whose rights could be affected, the Trustee is the real party in interest under Rule 17(a)(1)(E) and may appear pro se.

4. Malcolm Blair Boyce, as Trustee, holds full fiduciary authority under the Trust instrument and applicable law to manage, convey, and delegate enforcement of trust property and rights for the preservation and benefit of the Trust.
5. This conveyance is executed in equity and fiduciary good faith to delegate the legal right of enforcement for the Action to Malcolm Blair Boyce in his fiduciary capacity, without altering beneficial ownership or removing the claim from the Trust corpus.

**III. Operative Conveyance**

For good and valuable consideration, including fiduciary duty and lawful performance acknowledged as sufficient, the Assignor hereby conveys, assigns, and transfers to the Assignee all legal rights, title, and interest in and to:

> The claim and all rights of enforcement, prosecution, and recovery arising from or relating to *Zero Point MGMT v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-08413, together with all related filings, judgments, and remedies.

This assignment is made solely for fiduciary administration, to permit the Assignee to appear, prosecute, and enforce the Action as the real party in interest pursuant to Fed. R. Civ. P. 17(a)(1)(E).

**IV. Automatic Reversion Clause**

All rights conveyed by this assignment automatically revert to ZERO POINT MGMT upon the conclusion of all jurisdictional and enforcement proceedings.

If an appeal or post-judgment proceeding is timely filed by Malcolm Blair Boyce, this assignment remains in full force until final disposition of that appeal or proceeding, after which reversion occurs automatically without further act or deed.

**V. Fiduciary Presumptions and Intent**

To preserve clarity of purpose and fiduciary integrity, the following understandings apply to this conveyance unless rebutted by competent evidence:

1. Malcolm Blair Boyce, as Trustee of ZERO POINT MGMT, acts under full fiduciary authority granted by the Trust instrument and by law to manage, convey, and delegate enforcement of trust property and rights for the preservation and benefit of the Trust.
2. This conveyance is made solely to ensure proper standing and representation of the Trust's rights before a court of record and is not executed for personal gain or to avoid any lawful responsibility.
3. All actions taken under this conveyance benefit the Trust; any recovery, proceeds, or judgment remain property of the Trust estate.
4. In accepting enforcement authority, Malcolm Blair Boyce continues to act solely in fiduciary capacity and remains bound by duties of loyalty, care, and good faith owed to the Trust.
5. Malcolm Blair Boyce affirms that he is the sole trustee and sole beneficiary of ZERO POINT MGMT, that no other persons hold an interest in the Trust, and that his appearance pro se under Rule 17(a)(1)(E) represents only his own fiduciary and beneficial interests.
6. Malcolm Blair Boyce affirms that full and honest disclosure has been made to the Court and all interested parties and that this instrument is executed in transparency and equity.

7. This document has been properly executed, witnessed, and notarized in accordance with law, and all signatures and acknowledgments are genuine.
8. Good and valuable consideration exists in the form of fiduciary duty, lawful performance, and preservation of rights, which are sufficient under law to support this conveyance.
9. The conveyance is binding upon the parties in both law and equity and serves as valid evidence of transfer pursuant to Fed. R. Civ. P. 17(a)(1)(E).
10. The delegation of enforcement authority applies only to the specific cause of action identified herein and does not alter or diminish the Trust corpus or any other Trust asset.
11. Upon completion of jurisdictional or enforcement proceedings, all conveyed rights automatically revert to the Trust estate without further act or deed.
12. Malcolm Blair Boyce, as Trustee, and Malcolm Blair Boyce, as Fiduciary Representative of Record, share aligned fiduciary interests, and no conflict of interest exists between them or against the Trust.
13. Notice of this transfer and any related motion will be provided to all required parties, including opposing counsel, affording full opportunity to respond or object.
14. This substitution promotes judicial economy and clarity of representation, allowing the matter to proceed efficiently and without prejudice to any party.
15. Equity regards as done that which ought to be done; this act fulfills the fiduciary’s duty to prevent a right from being lost for want of proper standing.

Malcolm Boyce

Malcolm Boyce

On this 20th day of October, 2025, before me personally appeared Malcolm Blair Boyce, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual who executed this instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument the individual executed the instrument.

Notary Public

NOTARY PUBLIC STATE OF FLORIDA

JOHN B ORTIZ
Notary Public - State of Florida
Commission # HH442474
Expires on September 12, 2027

Notarized remotely online using communication technology via Proof.

# EXHIBIT B

# CERTIFICATE OF TRUST

This Certificate of Trust is executed on this 29th day of July, 2025, by the undersigned Trustee of the irrevocable trust known as ZERO POINT MGMT (the "Trust"), established under the laws of the State of New York.

## 1. EXISTENCE OF TRUST

The Trust was created on July 29th 2025, by Malcolm Blair Boyce, as Grantor and Initial Trustee. The Trust is currently in full force and effect and has not been revoked, modified, or amended in any way that would cause the representations contained in this Certificate to be incorrect.

## 2. TRUSTEE AUTHORITY

The Trustee has full authority to manage, convey, lease, encumber, and otherwise deal with any and all assets of the Trust, in accordance with the terms and purposes of the Trust instrument.

## 3. TRUSTEE IDENTITY

The current acting Trustee is Malcolm Blair Boyce, whose address is 350 Canal Street, Suite 194, New York, NY 10013.

## 4. SUCCESSOR TRUSTEES

The named Successor Trustees are [redacted] and [redacted], in the order designated within the Trust document.

## 5. IRREVOCABILITY

This Trust is irrevocable. The Grantor has waived and disclaimed any power to alter, amend, revoke, or terminate the Trust.

## 6. PURPOSE OF TRUST

The Trust exists to hold and manage high-value assets, including but not limited to real estate, financial accounts, vehicle titles, and other lawful property, for the benefit of the named Beneficiaries and their successors in perpetuity under a Dynasty Clause.

## 7. CERTIFICATION

This Certificate is made to confirm the existence and authority of the Trust and its Trustee, and may be relied upon by any third party dealing with the Trust or its assets.

Executed this July day of 29th, 2025.

*Malcolm Boyce*
______________________________
Malcolm Blair Boyce, Trustee

______________________________
Witness 1

______________________________
Witness 2

KADEN SCOTT GAINES
Notary Public - State of Florida
Commission # HH 573933
Expires on July 22, 2028

State of Florida

County of St. Johns

Sworn to (or affirmed) and subscribed before me by means of online notarization, this 07/29/2025 by Malcolm Boyce.

*Kaden Gaines*
Kaden Scott Gaines

___ Personally Known OR _✓_ Produced Identification

Type of Identification Produced PASSPORT CARD

# EXHIBIT C

# AMENDMENT TO DECLARATION OF TRUST

Dated: October 11, 2025

## RECITALS

1. 1. The original Declaration of Trust for ZERO POINT MGMT, executed on July 29, 2025, named Malcolm Blair Boyce as Grantor, Trustee, and Primary Beneficiary, and listed [redacted] and [redacted] as future beneficiaries.
2. 2. Pursuant to the Trustee's discretionary powers and the authority granted under the Dynasty Clause Addendum and Declaration of Trust, the Trustee desires to simplify administration by designating a single beneficiary while preserving the right to add beneficiaries in the future by amendment.
3. 3. This Amendment is made under the Trustee's lawful administrative powers and does not constitute a revocation of the Trust but an internal modification consistent with its purposes and perpetuity clause.

## AMENDMENT

Article IV – Beneficiaries is hereby deleted in its entirety and replaced with the following:

Article IV – Beneficiary
The sole Beneficiary of this Trust shall be Malcolm Blair Boyce.
No other person or entity shall have any present or future beneficial interest in the Trust estate unless expressly added by written amendment executed and notarized by the Trustee.
The Trustee retains full authority to make such administrative amendments in accordance with the Trust's governing instruments and New York law.
All other provisions of the Declaration of Trust remain in full force and effect.

## EXECUTION

IN WITNESS WHEREOF, I have executed this Amendment to Declaration of Trust as Grantor, Trustee, and Beneficiary of ZERO POINT MGMT on this 11th day of October, 2025.

Malcolm Boyce

Malcolm Blair Boyce
Grantor / Trustee / Sole Beneficiary

Case 1:25-cv-08313-GBD-GS Document 1-6 Filed 10/07/25 Page 19 of 19

## ACKNOWLEDGMENT

State of Florida

County of Polk

Sworn to (or affirmed) and subscribed before me by means of in-person or online notarization this 11th day of October, 2025, by Malcolm Blair Boyce, who is personally known to me or has produced valid identification.

ALVARO EDMUNDO NIEVES

Notary Public, State of Florida

My Commission Expires: 01/23/2029

NOTARY PUBLIC • STATE OF FLORIDA •

ALVARO EDMUNDO NIEVES

Notary Public - State of Florida

Commission # HH630190

Expires on January 23, 2029

Notarized remotely online using communication technology via Proof.