# Exhibit 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ZERO POINT MGMT, by and through Trustee MALCOLM BLAIR BOYCE,

Plaintiff,

-against-

CHASE BANK/JP MORGAN CHASE CO.,

Defendant.

-----------------------------------------------------------------X

**25 Civ. 8413 (GBD) (GS)**

**<u>OPINION & ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

This action, originally filed in New York state court on September 21, 2025 and removed to this Court on October 10, 2025 on the basis of diversity of citizenship, is brought on behalf of Zero Point MGMT ("Plaintiff" or "Zero Point"). (Dkt. Nos. 1 (Notice of Removal), 1-1, (Verified Complaint ("Complaint" or "Compl."))). Zero Point claims that Defendant JP Morgan Chase Bank, N.A. ("Defendant" or "Chase") wrongfully denied a credit application submitted by Zero Point "seeking a $250,000 credit accommodation." (Compl. ¶¶ 5-10). Zero Point asserts causes of action for breach of contract, unjust enrichment, and commercial dishonor and estoppel, seeking damages and declaratory relief. (*Id.* ¶¶ 11-22 and prayer for relief).

Zero Point is identified in the Complaint as "a private irrevocable trust organized under the laws of the State of New York." (Compl. ¶ 3; *see also id.* Ex. F (describing Zero Point as "a duly established New York fiduciary entity operating under a valid EIN issued by the Internal Revenue Service")). The

action was commenced on Zero Point's behalf by Malcolm Blair Boyce, who is identified in the Complaint as Zero Point's "duly appointed Trustee." (*Id.*). Mr. Boyce is not an attorney, and no attorney signed the Complaint or has appeared before this Court on Zero Point's behalf.

On October 20, 2025, Chase submitted a letter-motion contending that, as an artificial entity, Zero Point cannot proceed *pro se* and that Boyce, as a non-lawyer trustee, cannot represent it before this Court. (Dkt. No. 7). Chase requested the Court's "guidance on this matter, such as to provide Plaintiff a deadline by which to secure counsel or risk dismissal." (*Id.* at 2). Zero Point responded to Chase's letter on October 21, 2025. (Dkt. No. 11). The Court has received further letter submissions from Chase dated November 3, 2025 (Dkt. No. 13) and November 14, 2025 (Dkt. No. 18), and from Zero Point dated November 3, 2025 (Dkt. No. 14), November 5, 2025 (Dkt. No. 16), and November 17, 2025 (Dkt. No. 19).[1]

After carefully considering the parties' respective arguments and the applicable case law, and for the reasons set forth below, the Court finds that Boyce has not established a basis for proceeding *pro se* and that Zero Point must retain counsel if it wishes to pursue this action. Zero Point shall have until January 9, 2026 to retain counsel. Chase's time to answer or otherwise respond

[1] On October 21, 2025, the Honorable George B. Daniels referred this matter to the undersigned for general pretrial supervision and resolution of Chase's October 20, 2025 letter-motion. (Dkt. No. 9).

to the Complaint is stayed pending the filing of a notice of appearance by counsel on behalf of Zero Point.

## DISCUSSION

"It is black letter law that corporations, partnerships, limited liability companies, associations, and all other artificial entities must be represented by counsel and may not appear *pro se* in federal court." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 Civ. 1369 (LGS) (AJP), 2013 WL 1668206, at *4 (S.D.N.Y. Apr. 18, 2013), *R&R adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1994) (noting that courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

The rationale for this rule "applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. That includes trusts. *See, e.g.*, *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank*, No. 24 Civ. 7633 (LTS), 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024) ("[A] nonlawyer trustee cannot bring claims on behalf of a trust."); *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 (E.D.N.Y. 2009) ("[T]he law clearly prohibits the plaintiff from representing the Trusts herein because she is not a licensed attorney authorized to practice law in this court."); *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y.

2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *Advanced Mining Sys., Inc. v. Advanced Mining Sys.*, No. 94 Civ. 5744 (CSH), 1995 WL 92309, at *1 (S.D.N.Y. Mar. 7, 1995) ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust.").

Plaintiff does not dispute the well-established rule barring non-lawyers from representing artificial entities or its application to trusts. Instead, Plaintiff argues that the rule does not apply here, for two reasons.

First, Zero Point states that it has assigned all right, title, and interest in this action from Zero Point to Boyce, in his fiduciary capacity as trustee. (Dkt. No. 11 at 1-2; Dkt. No. 16 at 2). The assignment was executed on October 20, 2025 (with Boyce signing on behalf of both the assignor and assignee) and proof of the assignment was filed on the docket on the same day (Dkt. No. 8), shortly after Chase filed its letter raising this issue with the Court (Dkt. No. 7). Because Boyce, as trustee, "now holds the cause of action and prosecutes it in [his] fiduciary capacity as the real party in interest," Zero Point contends, the trust itself is "not appearing pro se, and no unauthorized representation exists." (Dkt. No. 11 at 2; *see also* Dkt. Nos. 16 at 2 & 19 at 1-2).

This argument is unavailing. The Second Circuit disapproved of this very tactic in *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983). In *Jones*, after the district court dismissed a claim brought by a corporation on the

ground that the corporation could not proceed *pro se*, the plaintiff, who was the company's sole shareholder and chief executive officer, filed an amended complaint asserting that the cause of action had been assigned to him. *Id.* at 21. The district court denied the motion to amend and the Second Circuit affirmed, explaining that, "[i]n light of the[] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual." *Id*. at 23.

*Jones* has been applied in the context of an assignment of a cause of action by a trust to its trustee. As Judge Castel aptly noted in *Bell v. S. Bay Eur. Corp.*: "The rule in *Jones* that the bar on a non-lawyer's representation of the artificial entity may not be circumvented by assignment to a natural person ought to apply with equal force to an assignment by a trust." 486 F. Supp. 2d at 259. Applying that rule, Judge Castel concluded that an individual trustee, who had assigned the trust's interests in the contract sued upon to himself, "may not proceed with the claim unless represented by an attorney admitted to practice before this Court." *Id.* at 260. So too here, Boyce's attempt to circumvent the bar on a non-lawyer's representation of a trust by assigning the trust's cause of action to himself must fail.

Plaintiff's second argument is that Boyce is the "sole beneficiary" of Zero Point, as well as its sole trustee. (Dkt. No. 11 at 2; Dkt. No. 16 at 3). Plaintiff

contends that "[w]here the trustee and beneficiary are the same individual, courts hold that no authorized representation arises because no distinct interests are represented." (Dkt. No 16 at 3). Plaintiff cites two cases in support of this proposition: "Weaver v. United States, 98 Fed. Cl. 680, 684 (2011); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1260 (3d Cir. 1994)." (*Id.*). Unfortunately, the first cited case (Weaver) does not exist, so far as the Court's research discloses.[2] While the second case (Jordan) does exist, it does not stand for the cited proposition and has nothing to do with the issue of whether and under what circumstances an entity may appear *pro se*. *See Jones v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994).

However, a Second Circuit case not cited by Zero Point, *Guest v. Hansen*, 603 F.3d 15 (2d Cir. 2010), does lend support to its argument.[3] In *Guest*, the administrator and sole beneficiary of an estate sought to prosecute *pro se* an appeal from an adverse judgment in a wrongful death case. *Id*. at 17. Allowing him to do so, the Second Circuit held that "the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Id*. at 21. Such a rule, the court explained, "is consistent with our

---

[2] This is not the only fake citation in Plaintiff's November 5, 2025 submission. That submission also cites "Fed. Home Loan Mortg. Corp. v. Mendel, 894 F. Supp. 2d 107, 111 (E.D.N.Y. 2012)" (Dkt. No. 16 at 2), another case that, so far as the Court can tell, does not exist.

[3] Chase's November 14, 2025 response also did not cite *Guest v. Hansen*, or address Plaintiff's argument that Boyce was the sole trustee and beneficiary of Zero Point, even though the Court had specifically directed Chase to respond to that argument in its memo endorsement order of November 6, 2025. (Dkt. No. 17).

jurisprudence both on the right to self-representation and on the prohibition of appearances by non-attorneys on behalf of others." *Id.* "Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf." *Id.*; *see also Krick v. Raytheon Co.*, No. 23 Civ. 8093, 2024 WL 4441029, at *6 (E.D.N.Y. Oct. 8, 2024) (noting that *Guest* "carved out a narrow exception" to the general prohibition on a non-lawyer representing an artificial entity).

Although *Guest* involved an estate, its logic has been extended to allow a non-lawyer trustee to represent *pro se* a trust of which the trustee is the sole beneficiary and which has no creditors. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, Adv. Proc. No. 08-1789 (SMB), 2019 WL 3436542, at *3 n.6 (S.D.N.Y. July 26, 2019) (applying *Guest* and allowing non-lawyer trustees to represent a trust where they "certified that they were the only trustees and beneficiaries of the [trust] and the [trust] had no creditors"); *Bourne v. Gardner*, 468 F. Supp. 3d 426, 427 (D. Mass. 2020) (citing *Guest* and allowing *pro se* representation where trustee was sole beneficiary of trust and no creditors were identified; "[a]s such, the Court concludes that Bourne is the only party that will be affected by the disposition of this case").

At first blush, the *Guest* exception would appear to give Zero Point a basis for arguing that Boyce, who asserts he is its sole beneficiary and trustee, can represent it in this case. (No representations have yet been made about whether Zero Point has any creditors, but that question could be explored and,

perhaps, satisfactorily answered). But on closer examination, a stumbling block appears: the Court cannot find that Zero Point has adequately established that Boyce is, in fact, the sole beneficiary of Zero Point and the sole person whose interests will be affected by this case.

Attached as Exhibit C to Plaintiff's November 5, 2025 filing is an "Amendment to Declaration of Trust," dated October 11, 2025 ("Amendment"). (Dkt. No. 16 Ex. C). That document recites that the original Declaration of Trust for Zero Point, executed on July 29, 2025, named Boyce as "Primary Beneficiary" (as well as Grantor and Trustee) and two other individuals (whose names have been redacted) as "future beneficiaries." (*Id.*). Under the Amendment, Article IV of the Declaration of Trust—which had been entitled "Beneficiaries"—was deleted and replaced with a new Article IV—now entitled "Beneficiary"—that states: "The sole Beneficiary of this Trust shall be Malcolm Blair Boyce." (*Id.*). The Amendment is signed solely by Boyce. (*Id.*).

Notably, the date the Amendment was executed—October 11, 2025—is one day after Chase filed its Notice of Removal on October 10, 2025. The Notice of Removal previewed Chase's objection to Zero Point's proceeding in this case without counsel. It specifically noted that Boyce is not a licensed attorney in New York, according to the New York State Unified Court system lookup function, and cited the rule that "*pro se*, non-lawyer plaintiffs may not represent a trust or any other artificial entity." (Dkt. No. 1 ¶¶ 6-7). The natural inference, and one the Court draws, is that Boyce executed the Amendment only

Case 1:25-cv-01341-GBD-GS Document 20 Filed 10/27/25 Page 9 of 12

because of, and in response to, Chase's raising the *pro se* representation issue in its Notice of Removal.

Permitting Boyce to proceed *pro se* on behalf of Zero Point under the circumstances here would not be in keeping with the underlying rationale for the *Guest* exception. Essential to the decision in *Guest* was the fact that the estate administrator was "the *only* party affected by the disposition of the suit." *Guest*, 603 F.4th at 21 (emphasis added). That was why the Second Circuit determined that the case fell outside the purview of the general rule that "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Id.* at 20. "The law contains so many esoteric pitfalls for an untrained advocate," the Second Circuit explained, "that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person." *Id.*

Here, the record shows that at the time this suit was filed, there were beneficiaries of the Zero Point trust other than Boyce. (Dkt. No. 16 Ex. C). It is apparent that Boyce amended the Declaration of Trust to remove those beneficiaries in order to facilitate his *pro se* representation of Zero Point. There is good reason to believe that he intends to add them back as beneficiaries once this lawsuit is over: The Amendment specifically recites that, "[p]ursuant to the Trustee's discretionary powers," the Trustee "desires to simplify administration by designating a single beneficiary *while preserving the right to add beneficiaries in the future by amendment*." (*Id.*; emphasis added).

The record thus strongly suggests that, although Boyce has now appointed himself the "sole beneficiary" of Zero Point, that is true only as a matter of form. If the two other individuals are only being removed as beneficiaries temporarily while this lawsuit is pending, then in reality Boyce continues to represent their interests as well as his own. Alternatively, if those individuals are not restored as beneficiaries, then their interests in Zero Point—and in this lawsuit—will have been extinguished by Boyce in apparent disregard for his obligations as a fiduciary. Under these circumstances, the Court cannot conclude that "the only party affected by the disposition of this suit," *Guest*, 603 F.4th at 21, will be Boyce, or that the risks associated with "allow[ing] a *pro se* litigant to represent another person," *id.* at 20, have been eliminated or adequately mitigated.

As noted above, the law of this Circuit makes clear that the rule against a non-lawyer representing an artificial entity may not be circumvented through the expedient of an assignment of the cause of action from the entity to the individual non-lawyer. *Jones*, 722 F.2d at 23; *Bell*, 486 F. Supp. 2d at 259. Boyce's stratagem of amending the Zero Point trust instrument to remove the other beneficiaries from the trust (whether temporarily or permanently) is simply another means of assigning the economic interest in this lawsuit to himself in order to circumvent this rule, and is equally impermissible.

There is another consideration militating against applying the *Guest* exception here. As the Second Circuit noted in *Jones*, the policy reasons for the

bar on non-lawyers representing the interests of others include the concern that "the lay litigant . . . lack[s] the professional skills of a lawyer" and also "lacks many of the attorney's ethical responsibilities[.]" *Jones*, 722 F.2d at 22. In the short time this case has been pending, that concern has manifested itself. As noted above, Boyce's submissions have contained citations to non-existent cases and misrepresented the holdings of cases. Such conduct is unacceptable and can be the basis for sanctions and (where engaged in by an attorney) professional discipline. Given Boyce's *pro se* status, the Court will not impose sanctions on Boyce in this instance. *See Dukuray v. Experian Info. Sols.*, No. 23 Civ. 9043 (AT) (GS), 2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024), *R&R adopted*, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).[4] But his conduct highlights the importance of applying the rule barring non-lawyer representation of others in the absence of a satisfactory showing that the interests of others are not implicated. Such a showing has not been made here.

## CONCLUSION

For the foregoing reasons, Plaintiff is advised that it may appear in this action only by a lawyer who is duly admitted to practice before this Court or has

[4] As in *Dukuray*, these citations may have come from ChatGPT or a similar AI program, and it is possible Boyce was unaware that such programs are capable of generating fake case citations and other misstatements of law. *See id.* However, as this Court also emphasized in *Dukuray*, "it is no more acceptable for a *pro se* litigant to submit briefs with fake case citations than it is for a lawyer to do so." *Id.* Now that Boyce is on notice of this risk, he "must not allow this to happen again." *Id.* Accordingly, Boyce is hereby warned that any further filings with citations to nonexistent cases or containing outright misstatements of law may result in sanctions, such as his submissions being stricken, filing restrictions or monetary penalties being imposed, or the case being dismissed.

made a satisfactory application for admission *pro hac vice*. If a notice of appearance by such an attorney is not filed by January 9, 2026, Chase may file a motion to dismiss for failure to prosecute. In the meantime, Chase's time to answer or otherwise respond to the Complaint is stayed pending the filing of a notice of appearance by counsel on behalf of Zero Point.

**SO ORDERED.**

DATED: New York, New York
November 24, 2025

The Honorable Gary Stein
United States Magistrate Judge