# Exhibit 16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ZERO POINT MGMT, by and through
Trustee MALCOLM BLAIR BOYCE,

Plaintiff,

-against-

CHASE BANK/JP MORGAN CHASE
CO.,

Defendant.

-----------------------------------------------------------------X

**25 Civ. 8413 (GBD) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Zero Point MGMT ("Plaintiff" or "Zero Point") has filed a motion, pursuant to Fed. R. Civ. P. 17(a)(3), for an order substituting Malcom Blair Boyce for Zero Point as the plaintiff in this action. (Dkt. No. 22). Defendant JP Morgan Chase Bank, N.A. ("Defendant" or "Chase") filed an opposition to the motion (Dkt. No. 23), and Plaintiff submitted a response to Defendant's opposition (Dkt. No. 24). The motion is **DENIED** for the reasons set forth herein.

In its November 24, 2025 Opinion & Order ("O&O"), the Court found that Boyce, who is not an attorney, could not prosecute this case *pro se* on behalf of Zero Point, which is a trust, and that Zero Point must retain counsel to represent it. (Dkt. No. 20). Among other things, the O&O rejected Zero Point's argument that the representation issue had been obviated because (after this action was filed and Chase raised the issue of Plaintiff's inability to appear in

Case 1:25-cv-10341-GBD-GS Document 25 Filed 02/27/26 Page 2 of 4

this action without counsel) Zero Point had assigned its interest in this action to Boyce. (*Id.* at 4-5). The Court explained that, based on Second Circuit precedent, "'the bar on a non-lawyer's representation of [an] artificial entity may not be circumvented by assignment to a natural person'" of the trust's claim. (*Id.* at 5 (quoting *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007)).

In its motion for substitution, Plaintiff argues that the O&O held the earlier assignment ineffective because the claim was assigned to Boyce "in his fiduciary capacity," but the claim has now been assigned to Boyce "in his personal capacity," thus "cur[ing] . . . the defect identified by the Court." (Dkt. No. 22 at 2). Plaintiff is incorrect. Although the O&O noted that Zero Point's claim had been assigned "to Boyce, in his fiduciary capacity as trustee" (O&O at 4), what was problematic was the *assignment* for the purpose of evading the requirement that the trust retain counsel. (*Id.* at 5). It does not matter whether Zero Point assigns the claim to Boyce in his individual capacity or in his fiduciary capacity. Either way, the assignment is equally "an attempt to circumvent the bar on a non-lawyer's representation of a trust by assigning the trust's cause of action to [Boyce] himself," in disregard for controlling Second Circuit precedent. (*Id.*); *see Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983); *Bell*, 486 F. Supp. 2d at 259-60.

Plaintiff's arguments that the O&O "did not prohibit substitution under Rule 17" (Dkt. No. 24 at 1) and that "Rule 17(a)(3) requires the Court to allow

substitution of the real party in interest" (Dkt. No. 22 at 1) are equally misguided. To begin with, Rule 17 is inapplicable here. "'[I]t is well settled that Rule 17(a)'s real party in interest requirement only applies at the commencement of a lawsuit.'" *Kumaran v. Nat'l Futures Ass'n*, 604 F. Supp. 3d 82, 87 (S.D.N.Y. 2022) (quoting *Stoncor Grp., Inc., v. Peerless Ins. Co.*, No. 16 Civ. 4574 (LAK) (GWG), 2021 WL 2215558, at *5 (S.D.N.Y. June 2, 2021)). Rather, "Rule 25(c) controls where transfer [of an interest] is made during the pendency of an action," and substitution under Rule 25(c) "is generally within the sound discretion of the trial court." *Id.* (cleaned up).

More importantly, Plaintiff's motion for substitution does not "cure" the defect identified in the O&O. It is simply another impermissible attempt to "'flout a well-established and purposeful public policy by means of a procedural device.'" *Id.* at 90 (quoting *Jones*, 722 F.2d at 23) (denying motion to substitute individual owner of LLC for the LLC as plaintiff and finding motion to be "a clear attempt to circumvent the Court's prior rulings that [the LLC] must be represented by counsel"); *see also Lupowitz, Inc. v. Eclipse Holdings, Inc.*, No. 94 Civ. 2916 (DC), 1996 WL 285363, at *1 (S.D.N.Y. May 30, 1996) (rejecting individual assignees' contention that they were now the "real parties in interest," and should be substituted for the corporate party without retaining counsel, where assignment from corporate party was designed to circumvent rule that corporation may not appear *pro se*).

Case 1:25-cv-08413-GBD-GS Document 21 Filed 12/05/25 Page 4 of 4

As required in the O&O, Plaintiff must notify the Court as to whether it has retained counsel by no later than January 9, 2026, or risk dismissal of its claims. (O&O at 12).

**SO ORDERED.**

DATED: New York, New York
December 5, 2025

The Honorable Gary Stein
United States Magistrate Judge