**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MALCOLM BLAIR BOYCE,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

Case No. 1:25-cv-10131 (GBD)(GS)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Defendant's motion seeks dismissal based on procedural framing rather than the merits of the claims.

Defendant attempts to portray this action as a continuation of a prior trust-captioned case and as an attempt to circumvent the rule prohibiting non-lawyers from representing artificial entities in federal court.

That characterization is incorrect.

This action is brought by Malcolm Blair Boyce in his individual capacity as the sole owner of the claims asserted herein pursuant to a complete and unconditional Assignment of Claim. Federal Rule of Civil Procedure 17 expressly permits actions to proceed in the name of the real party in interest and further provides that substitution cures any procedural defect regarding party designation.

The rule exists specifically to prevent forfeiture of otherwise valid claims based on

technical capacity issues. Defendant's motion therefore fails under both Rule 12(b)(1) and Rule 12(b)(6).

**BACKGROUND**

This dispute arises from Defendant's denial of Plaintiff's credit card application and subsequent refusal to reconsider that decision after Plaintiff provided additional documentation and requested review.

Plaintiff initially pursued relief through a trust entity. That earlier action was dismissed because a trust must be represented by licensed counsel in federal court.

Following that dismissal, the trust executed a complete and unconditional Assignment of Claim transferring all rights, title, interest, and enforcement authority to Plaintiff personally. Plaintiff thereafter initiated the present action in his individual capacity as the assignee and real party in interest.

Defendant now argues that this action improperly circumvents the Court's earlier ruling and that the assignment was executed solely to manufacture jurisdiction. Neither assertion is supported by law.

**ARGUMENT**

**I. PLAINTIFF IS THE REAL PARTY IN INTEREST UNDER RULE 17**

Federal Rule of Civil Procedure 17(a)(1) requires that every action be prosecuted in the name of the real party in interest. When a valid assignment transfers ownership of a claim, the assignee becomes the real party in interest entitled to pursue relief.

The Second Circuit has consistently recognized that a complete assignment transfers both ownership and standing to the assignee. See Advanced Magnetics, Inc. v. Bayfront

Partners, Inc., 106 F.3d 11, 17–18 (2d Cir. 1997); Cortlandt St. Recovery Corp. v. Hellas Telecommunications, 790 F.3d 411, 420 (2d Cir. 2015).

Here, the Assignment transferred all rights, title, interests, remedies, and enforcement authority to Plaintiff without reservation. The trust retains no economic interest, no supervisory authority, and no right of reversion. Plaintiff therefore owns the claims outright and is the proper party to prosecute them.

## II. RULE 17 EXISTS TO PREVENT FORFEITURE OF CLAIMS BASED ON CAPACITY ISSUES

Rule 17(a)(3) provides that a court may not dismiss an action for failure to prosecute in the name of the real party in interest without first allowing substitution. Once substitution occurs, the action proceeds as if it had originally been commenced by the real party in interest.

The purpose of the rule is to prevent forfeiture of valid claims due to technical defects in party designation. Courts routinely apply Rule 17 where the initial plaintiff lacked procedural capacity but the underlying claim remains valid. See Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 389 (2d Cir. 2021).

## III. THE ASSIGNMENT DOES NOT CIRCUMVENT THE COURT'S PRIOR ORDER

Defendant argues that the assignment was executed to evade the rule against non-lawyer representation of artificial entities. That argument misunderstands the legal effect of assignment.

The prior ruling addressed representation of the trust as a litigant. The assignment

changed ownership of the claims entirely. Plaintiff now prosecutes the claims in his personal capacity as their owner.

Rule 17 expressly contemplates this scenario. Substitution is the rule's mechanism for resolving capacity issues while preserving legitimate claims.

**IV. PLAINTIFF POSSESSES ARTICLE III STANDING**

To establish standing, a plaintiff must show injury-in-fact, traceability, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

Plaintiff satisfies each requirement. The complaint alleges financial harm resulting from Defendant's conduct. That injury is directly traceable to Defendant's actions and would be redressed by judicial relief.

Because the assignment transferred ownership of the claims, Plaintiff holds the legally protected interest required for Article III standing.

**V. THE ASSIGNMENT IS VALID AND NOT CHAMPERTOUS**

New York Judiciary Law § 489 prohibits acquisition of claims solely for the purpose of bringing suit without a legitimate ownership interest. The assignment here transferred full ownership of the claims and imposed litigation risk and financial responsibility on Plaintiff.

Plaintiff assumed the economic consequences of success or failure in this action. This is a legitimate transfer of ownership rights, not a bare purchase of litigation rights by a stranger to the dispute.

## VI. THE PRESENT ACTION IS NOT DUPLICATIVE

The prior trust-captioned action has been dismissed. This action is brought by a different plaintiff in a different legal capacity. The duplicative litigation doctrine applies only where two actions involving identical parties and claims proceed simultaneously. That circumstance does not exist here.

## VII. THE COMPLAINT STATES PLAUSIBLE CLAIMS FOR RELIEF

At the motion to dismiss stage, the Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. Plaintiff has alleged sufficient facts to state plausible claims for relief. Defendant's attempt to contest the merits is premature at this stage.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied in its entirety and the case should proceed on the merits.

Respectfully submitted,

______________________________

Malcolm Blair Boyce
Plaintiff, Pro Se
Date: March 10th, 2026

**CERTIFICATE OF SERVICE**

I certify that on March 10th, 2026, a true and correct copy of this Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss was served via electronic mail upon counsel for Defendant.

/s/ Malcolm Blair Boyce

Malcolm Blair Boyce