**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MALCOLM BLAIR BOYCE,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>Defendant. | Case No. 1:25-cv-10131-GBD-GS |

# DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: 212.801.9200

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. PLAINTIFF FAILS TO ADDRESS CHASE'S ARGUMENTS FOR DISMISSAL AND THEREFORE ABANDONS ALL OF HIS CLAIMS ........ 2

II. RULE 17 DOES NOT SALVAGE PLAINTIFF'S CLAIMS NOR PERMIT HIS CLAIMS TO PROCEED ........ 5

III. THE ASSIGNMENT OF THE CLAIMS ASSERTED HERE IS AN IMPROPER END-RUN AROUND BINDING LAW AND THE COURT'S PRIOR RULINGS ........ 7

IV. PLAINTIFF FAILS TO SHOW ANY COGNIZABLE INJURY AND THEREFORE LACKS STANDING ........ 8

V. PLAINTIFF'S RELIANCE ON LEGAL DOCTRINES NOT RAISED IN THE MOTION SHOULD BE DISREGARDED ........ 9

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997)....................6

*Ashmeade v. Amazon.com*,
2024 WL 4266391 (S.D.N.Y. Sept. 23, 2024).................... 2-3

*Bell v. S. Bay Eur. Corp.*,
486 F. Supp. 2d 257 (S.D.N.Y. 2007)....................7

*Cortland St. Recovery Corp. v. Hellas Telecommunications*, *S.a.r.l.*
790 F.3d 411 (2d Cir. 2015)....................6

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*,
991 F.3d 370 (2d Cir. 2021)....................7

*Hammer v. Town of Bedford New York*,
2026 WL 100793 (S.D.N.Y. Jan. 13, 2026) ....................3

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................9

**Rules**

Fed. R. Civ. P. 17 ....................5, 6, 7

JPMorgan Chase Bank, N.A. ("Chase") submits this reply memorandum of law in further support of its motion to dismiss the Complaint (Dkt. Nos. 25-27) (the "Motion" or "Mot.")[1] and in response to Plaintiff's Opposition to the Motion (Dkt. No. 29).

## PRELIMINARY STATEMENT

In its Motion, Chase established that the Complaint suffers from several fatal defects and should be dismissed, including because this action is a transparent attempt to evade well-established law and this Court's prior orders, Plaintiff did not suffer any cognizable injury and therefore lacks standing to bring any claims, and Plaintiff fails to state any claim as a matter of law. The Opposition confirms that the Complaint is without merit and should be dismissed.

To begin, the Opposition largely fails to address the substantive arguments in the Motion at all, including dispositive reasons why each cause of action should be dismissed. Merely saying that Plaintiff has stated a plausible claim in opposing the Motion, without more, is woefully insufficient. *See* Opp. at 5. By failing to address arguments in the Motion that implicate each cause of action, Plaintiff has abandoned all of his claims and the Motion should be granted on that basis alone.

What Plaintiff does say in the Opposition fares no better. Plaintiff principally relies on Rule 17 to attempt to cure the fundamental problem with this lawsuit: Plaintiff endeavors to pursue Zero Point's claims against Chase, as assignee of Zero Point's claims, in order to avoid the prohibition on a non-lawyer like Plaintiff representing a trust like Zero Point in federal court. Rule 17 does not cure this problem. Indeed, this Court has already rejected Plaintiff's attempts to pursue Zero Point's claims as an assignee of those claims under Rule 17 and should do so again here.

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the memorandum of law in support of the Motion (Dkt. No. 26).

Moreover, substitution under Rule 17(a)(3) is not even applicable in this circumstance as Mr. Boyce is already the named Plaintiff. Plaintiff also makes other legal arguments that are inapplicable to the Motion as Chase did not raise them as a basis for dismissal and are thus irrelevant and can be disregarded by the Court in deciding the Motion.

Finally, and most importantly, the Opposition fails to rebut Chase's argument that the Complaint must be dismissed since no cognizable injury was sustained as a result of the purported misconduct that underlies the Complaint—Chase's denial of Zero Point's credit card application. While Plaintiff insists his Complaint alleges "financial harm," Opp. at 4, that is not plausibly pled anywhere in his pleading. The Motion should be granted and this case dismissed with prejudice.

## ARGUMENT[2]

### I. PLAINTIFF FAILS TO ADDRESS CHASE'S ARGUMENTS FOR DISMISSAL AND THEREFORE ABANDONS ALL OF HIS CLAIMS

Chase sets forth several independent grounds to dismiss all of Plaintiff's claims in its Motion. *See* Mot. at Parts III-VI (a separate argument for each of the four causes of action). Plaintiff fails to address grounds for dismissal with respect to ***all*** of his claims and has therefore abandoned them.

It is well-settled that a plaintiff's failure to respond to defendant's arguments in a motion to dismiss constitutes abandonment of plaintiff's claims. *Youmans v. Schriro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) (dismissing claims because "[p]laintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims"). This rule applies equally to *pro se* plaintiffs. *See, e.g.*, *Ashmeade v. Amazon.com*, 2024 WL 4266391, at *19-20 (S.D.N.Y. Sept. 23, 2024) (granting motion to dismiss *pro se* plaintiff's

[2] Unless otherwise indicated, emphasis has been added to quotations, and internal citations, quotations, brackets, ellipses, and footnotes have been omitted.

complaint because "[p]laintiff abandoned" certain claims by "fail[ing] to respond to [defendant's] arguments as to th[ose] claims"); *Hammer v. Town of Bedford New York*, 2026 WL 100793, at *4 (S.D.N.Y. Jan. 13, 2026) (granting motion to dismiss *pro se* plaintiff's complaint because she "did not address [an] argument in her opposition and has therefore abandoned her claims").

In his Complaint, Plaintiff asserts claims against Chase for (i) breach of contract, (ii) "wrongful dishonor/failure to perform after tender," (iii) unjust enrichment, and (iv) declaratory judgment. For each of these causes of action, Chase raises independent reasons for dismissal to which Plaintiff does not respond.

*First*, with respect to Plaintiff's breach of contract claim, the Motion establishes that this claim necessarily fails because there is no contract between Plaintiff and Chase. Mot. at 15-17. Plaintiff does not plausibly allege the existence of a contract in the Complaint, and the only conceivable allegations that support the existence of any contractual obligations on the part of Chase—Plaintiff's submission of a credit card application to Chase—fall well short of establishing the existence of any contract. Plaintiff's Opposition does not address any of Chase's arguments as to why the breach of contract claim should be dismissed, much less demonstrate the existence of any contract that Chase could have theoretically breached.

*Second*, for Plaintiff's "wrongful dishonor/failure to perform after tender" claim, Chase establishes in its Motion that this claim should likewise be dismissed because it is not a cognizable claim on the facts here. *Id.* at 17-18. The legal principles upon which Plaintiff appears to rely for this cause of action do not apply here, including because a financial institution is not obligated to provide a credit card upon the "tender" of an application for a credit card. *Id.* Plaintiff's Opposition does not address any of Chase's arguments as to why his "wrongful dishonor/failure

to perform after tender" claim should be dismissed, much less show how this claim could even apply to the facts here.

*Third*, Chase's Motion demonstrates that Plaintiff's unjust enrichment claim should be dismissed because Chase did not receive any benefit at Plaintiff's expense and the parties' purported relationship is far too attenuated. *Id.* at 19-20. Plaintiff alleges that Chase somehow received a benefit from the receipt of Plaintiff's credit card application, but such allegations fall woefully short of the required showing that Chase received a specific and direct benefit. Plaintiff's Opposition does not address any of Chase's arguments as to why his unjust enrichment claim should be dismissed, much less show that Chase received any benefit whatsoever.

*Fourth*, Chase establishes that Plaintiff's request for declaratory relief should be dismissed because it is duplicative of his other claims and would otherwise fail on the merits for the same reasons as Plaintiff's underlying claims. *Id.* at 20-22. Plaintiff's Opposition does not address any of Chase's arguments as to why his claim for declaratory judgment should be dismissed, much less show how such relief is not duplicative of the other relief he seeks.

All Plaintiff offers in his Opposition is the conclusory statements that "Plaintiff has alleged sufficient facts to state plausible claims for relief" and that Chase's "attempt to contest the merits is premature at this stage." Opp. at 5. Chase's arguments are entirely appropriate on this Motion and demonstrate the legal defects in the pleading. Moreover, Plaintiff does not address any of these well-supported arguments in any direct or meaningful way. By failing to do so, Plaintiff has abandoned all four of his causes of action under established law in this Circuit. The Court should grant the Motion for this reason and for all of the legal arguments detailed by Chase in its Motion as to these four causes of action. *See* Mot. at Parts III-VI.

## II. RULE 17 DOES NOT SALVAGE PLAINTIFF'S CLAIMS NOR PERMIT HIS CLAIMS TO PROCEED

Plaintiff brings this action as the purported assignee of claims previously held by Zero Point, a trust for which Plaintiff is the sole trustee. As explained in the Motion, Plaintiff twice attempted to assign claims from Zero Point to himself in an effort to evade the requirement that Zero Point retain counsel to pursue its claims against Chase and to side-step this Court's orders enforcing that requirement. *Id.* at 4-5. In the Opposition, Plaintiff argues that Rule 17 permits him to pursue Zero Point's claims as the real party in interest of those claims in light of an assignment. *See* Opp. at 2-3. But this Court has already rejected this argument based on Rule 17 and should do so again.

As an initial matter, Plaintiff's argument that an "assignee becomes the real party in interest [and is] entitled to pursue relief" "[w]hen a valid assignment transfers ownership of a claim" misses the mark. *Id.* at 2. Chase does not dispute that in certain circumstances not present here, an assignee may potentially be able to pursue litigation claims based on an assignment. The issue here, however, is whether the specific assignment by which Zero Point's claims were assigned to Plaintiff is valid. As this Court has already found, it is not.

As described in more detail in the Motion, Plaintiff first caused Zero Point to bring the claims asserted here against Chase in the *Zero Point* Action. Mot. at 4. When removing that action to federal court, Chase noted that Zero Point, as an artificial entity, is required to be represented by an attorney in federal court and would need to retain counsel to prosecute its claims against Chase. *Id.* Plaintiff responded by assigning Zero Point's claims to himself as Zero Point's trustee. This Court rejected that maneuver, finding that a party could not avoid the prohibition on an artificial entity proceeding *pro se* in federal court by assigning its claims to an individual, and ordered Plaintiff to retain counsel if it wished to proceed. *Id.* at 4-5.

Rather than follow the Court's order and retain counsel, Plaintiff responded by executing a second purported assignment—this time, from Zero Point to himself individually—and moving to substitute himself as plaintiff based on that assignment under Rule 17. This Court likewise rejected that effort, explaining that "what was problematic was the *assignment* for the purpose of evading the requirement that the trust retain counsel" and not whether the claims were assigned to Plaintiff "in his individual capacity or in his fiduciary capacity." Simson Decl. ¶ 17 & Ex. 16 (December 2025 Order) at 2 (emphasis in original). The Court also expressly rejected the argument that Plaintiff was entitled to substitute himself in as plaintiff under Fed. R. Civ. P. 17, finding that "Plaintiff's motion for substitution . . . is another impermissible attempt to flout a well-established and purposeful public policy by means of a procedural device." *Id*. at 3.

Rather than follow that Court order, Plaintiff commenced this lawsuit, based on the very same purported second assignment that this Court had just found to be improper in the *Zero Point* Action. And now, in his Opposition to Chase's Motion, Plaintiff again invokes Rule 17 even though the Court already rejected Plaintiff's Rule 17-based theory in the *Zero Point* Action. Plaintiff cannot evade the requirement that Zero Point retain counsel to pursue its claims against Chase by assigning them to Plaintiff to pursue in his own name—whether as a substituted plaintiff in the *Zero Point* Action, as this Court already held, or as the plaintiff in this action, as this Court should now hold.

The authority on which Plaintiff relies to argue that Rule 17 requires a different result is inapposite. Neither *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997) nor *Cortland St. Recovery Corp. v. Hellas Telecommunications*, *S.a.r.l.*, 790 F.3d 411 (2d Cir. 2015) involve an assignment that was executed to avoid the requirement that an artificial entity retain counsel in connection with a lawsuit in federal court. Notably, Plaintiff does not address

the authority cited in the Motion—and on which this Court relied in its prior orders—that considers this question and holds that a party cannot evade that requirement through an assignment. Mot. at 9-10 (*citing Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("The rule in *Jones* that the bar on a non-lawyer's representation of the artificial entity may not be circumvented by assignment to a natural person ought to apply with equal force to an assignment by a trust.")).

Moreover, Rule 17(a)(3) is inapplicable.[3] The Rule requires that a court provide a "real party in interest" with "a reasonable [amount of] time" "to ratify, join, or be substituted into [an] action" prior to dismissing an action "for failure to prosecute in the name of the real party in interest." Fed. R. Civ. P. 17(a)(3). Here, the real party in interest according to Plaintiff—himself—is already a party to this action and in fact the only plaintiff pursuing the case. There is simply no party to substitute as the real party in interest, rendering the invocation of this rule nothing but a red herring.

## III. THE ASSIGNMENT OF THE CLAIMS ASSERTED HERE IS AN IMPROPER END-RUN AROUND BINDING LAW AND THE COURT'S PRIOR RULINGS

As the Motion showed, and as described above, this lawsuit is another iteration in Plaintiff's scheme to avoid the requirement that Zero Point retain counsel to prosecute its claims against Chase based on its denial of Zero Point's credit card application. Mot. at 9-13.

In the Opposition, Plaintiff asserts that Chase "misunderstands the legal effect of assignment" because this Court's "prior ruling addressed representation of the trust as a litigant." Opp. at 3-4. In Plaintiff's view, "[t]he assignment changed ownership of the claims entirely" and "[s]ubstitution is [Rule 17]'s mechanism for resolving capacity issues while preserving legitimate claims." *Id.* For the reasons described above, and as this Court has already held, that argument is

[3] Plaintiff cites to *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370 (2d Cir. 2021), but that case is similarly inapplicable as it does not relate to a situation where, as here, a party is attempting to use Rule 17 to evade the prohibition on artificial entities proceeding *pro se*.

without merit. A trust like Zero Point cannot evade the requirement that an artificial entity be represented by counsel by assigning a trust's claims to an individual. *Supra* at Part II.

Notwithstanding Plaintiff's assertions to the contrary, this Court's prior orders expressly considered *Plaintiff's* prosecution of these claims, not just *Zero Point's* prosecution of its claims. Specifically, the November 2025 Order considered whether *Plaintiff* could pursue Zero Point's claims under the first purported assignment and found that he could not. Simson Decl. ¶ 15 & Ex. 14 (November 2025 Order) at 5 ("Boyce's attempt to circumvent the bar on a non-lawyer's representation of a trust by assigning the trust's cause of action to himself must fail."). The December 2025 Order likewise considered whether *Plaintiff* could pursue Zero Point's claims under the second purported assignment and found that he could not. Simson Decl. ¶ 17 & Ex. 16 (December 2025 Order) at 3 ("Plaintiff's motion for substitution does not cure the defect identified in the [November 2025 Order]."). As both the November 2025 Order and the December 2025 Order address *Plaintiff's* own ability to pursue Zero Point's claims against Chase, Plaintiff's commencement of this action is a transparent attempt to evade those orders.

## IV. PLAINTIFF FAILS TO SHOW ANY COGNIZABLE INJURY AND THEREFORE LACKS STANDING

Plaintiff fails to plausibly allege any cognizable injury sustained as a result of Chase's denial of Zero Point's credit card application and, therefore, lacks standing to pursue any claims on that basis. Mot. at 13-15. In the Opposition, Plaintiff argues that "Plaintiff satisfies each requirement" to establish standing, Opp. at 4, but the Opposition suffers from the same fatal defect as the Complaint: it does not identify any specific injury, much less a cognizable one. Indeed, Plaintiff argues that the Complaint "alleges financial harm resulting from Defendant's conduct," Opp. at 4, but does not identify with any specificity what that "financial harm" is. Nor could he, as there is no specific or cognizable harm based on Chase's alleged conduct.

Plaintiff concedes that the extent of Chase's alleged misconduct is Chase's denial of Zero Point's credit card application. Opp. at 2. As established in the Motion, Plaintiff does not plead any legally protected entitlement to a credit card, Mot. at 14, and he does not argue that any such entitlement exists in the Opposition (nor could he). Plaintiff's reliance on *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) to argue otherwise is misplaced as it does not excuse Plaintiff's failure to show an injury. Indeed, *Lujan* supports the Motion because Chase has shown that Plaintiff failed to demonstrate, as he must under *Lujan*, that he "suffered an injury in fact—an invasion of a legally protected interest which is [] concrete and particularized." *Lujan*, 504 U.S. at 560.

As argued in the Motion, under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) and its progeny, Plaintiff has failed to plead a concrete harm and has no standing. Mot. at Part II.

## V. PLAINTIFF'S RELIANCE ON LEGAL DOCTRINES NOT RAISED IN THE MOTION SHOULD BE DISREGARDED

In the Opposition, Plaintiff asserts that (i) the assignment on which his claims are based is valid and not barred by champerty and (ii) the instant action is not barred by the duplicative litigation doctrine. Opp. at 4-5. The Motion does not advance these arguments, however, and the Court need not reach these side issues because the Complaint already fails for the many reasons set forth in the Motion.

## CONCLUSION

For all these reasons, the Court should grant the Motion in its entirety and dismiss this action with prejudice.

Dated: March 17, 2026
New York, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Sylvia E. Simson*

Sylvia E. Simson
John C. Molluzzo Jr.

One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Sylvia.Simson@gtlaw.com
MolluzzoJ@gtlaw.com

Michael V. Pucci
333 S.E. 2nd Avenue
Suite 4400
Miami, Florida 33131
Tel: (305) 579-0648
Michael.Pucci@gtlaw.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*