Malcolm Blair Boyce
350 Canal Street, Suite 194
New York, NY 10013

September 10th, 2026

The Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

**Re:** *Boyce v. JPMorgan Chase Bank, N.A.*, No. 1:25-cv-10131 (GBD)(GS)
**Plaintiff's Status Letter Regarding Pending Regulation B § 1002.12(b) Records Request and Anticipated Motion for Leave to Amend**

Dear Judge Daniels:

I write pursuant to Section II.A of Your Honor's Individual Rules and Practices to advise the Court of three developments in this action and of Plaintiff's anticipated next filing. This letter does not seek relief and does not require a response.

**1. Regulation B § 1002.12(b) records request served on Defendant.**

On or about September 4th, 2026, Plaintiff served on Defendant JPMorgan Chase Bank, N.A. a written preservation and records-request letter demanding production of the application file, adverse-action notices, and all right-to-reasons disclosures required to be maintained under 12 C.F.R. § 1002.12(b) in connection with an August 5, 2025 adverse-action decision on a Sapphire Reserve Business Visa credit application (Chase Reference No. 250803576705). The letter also made a timely

written request for a statement of specific reasons under 12 C.F.R. § 1002.9(a)(2)(ii). Copies were sent by certified mail to Chase Card Services in San Antonio, Texas, Legal Department in Ruston, Louisiana, and to Defendant's registered agent (CT Corporation) in New York, New York. The 30-day response window contemplated by § 1002.9(a)(2)(ii) is currently running.

**2. CFPB Complaint No. 260904-37984811.**

On September 4, 2026, Plaintiff filed a Consumer Financial Protection Bureau complaint raising the same adverse-action notice deficiencies. On September 8, 2026, the CFPB notified Plaintiff that Defendant declined to respond through the CFPB portal on the ground that the matter involves "the same issues raised in pending or prior litigation between the company and the account holder." The CFPB entered the complaint into the Consumer Sentinel Network. Plaintiff notes Defendant's position for the record: Defendant has characterized these consumer-protection issues as within the scope of the pending litigation.

**3. Office of the Comptroller of the Currency Complaint.**

On September 4, 2026, Plaintiff filed a complaint with the Office of the Comptroller of the Currency ("OCC") concerning Defendant JPMorgan Chase Bank, N.A.'s handling of the same credit application and adverse-action issues described above, including Defendant's use of Plaintiff's consumer credit information, the adequacy of the adverse-action notice, and the records underlying the decision. Plaintiff has also spoken with the OCC by telephone regarding the complaint. As of the date of this letter, the OCC has not issued a case number. Plaintiff will supplement the record with the OCC case number if and when one is assigned.

**4. Anticipated motion for leave to file a first amended complaint.**

Plaintiff anticipates moving for leave to file a First Amended Complaint under Rule 15(a)(2) after Defendant's 30-day response window on the § 1002.12(b) records request has elapsed. The anticipated amendment would be narrow: it would (i) add Plaintiff's individual capacity as real party in interest pursuant to Rule 17(a)(3) and the November 26, 2025 assignment from Zero Point MGMT, and (ii) plead — if the records so support — a claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), and 12 C.F.R. § 1002.9. Plaintiff will not plead any claim under 15 U.S.C. § 1681m, which Congress committed to exclusive administrative enforcement under § 1681m(h)(8)(B); Plaintiff is instead pursuing the FCRA notice deficiencies through the CFPB and OCC channels described above.

**5. Purpose of this letter.**

Plaintiff advises the Court now, rather than after the Court's disposition of the pending objections to the Report and Recommendation (ECF Nos. 33, 34, 35), so that the record reflects Plaintiff's diligence in seeking the underlying records before moving to amend. Plaintiff wishes to avoid any argument by Defendant that Plaintiff has “sat on” these issues or that Plaintiff is seeking leave to amend without a good-faith factual predicate. Plaintiff further confirms that Section IV.A of Your Honor's Individual Rules does not require a pre-motion conference for non-discovery motions, and Plaintiff will file any motion for leave in the ordinary course.

**6. Reservation.**

Nothing in this letter waives, modifies, or supersedes Plaintiff's pending Objections to the Report and Recommendation (ECF No. 34) or any other filing or position in this action, all of which remain fully preserved. Plaintiff stands on his prior papers with respect to the Rule 17(a) real-party-in-interest issue that is presently before the Court.

The Court's attention to this matter is appreciated.

Respectfully submitted,



Malcolm Blair Boyce
Plaintiff
350 Canal Street, Suite 194
New York, NY 10013

**cc:** The Honorable Gary Stein, United States Magistrate Judge (via ECF)
Counsel for Defendant JPMorgan Chase Bank, N.A. (via ECF)