GreenbergTraurig

Sylvia E. Simson
Tel: 212.801.9200
Sylvia.Simson@gtlaw.com

September 21, 2026

**VIA ECF**

Hon. George B. Daniels
Hon. Gary Stein
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Malcolm Blair Boyce v. JPMorgan Chase Bank, N.A.*, Case No. 1:25-cv-10131-GBD-GS—Response to Plaintiff's Status Letter

Dear Judge Daniels and Magistrate Judge Stein:

On behalf of Defendant JPMorgan Chase Bank, N.A. ("Chase"), we respond to Plaintiff Malcolm Blair Boyce's September 10, 2026 letter (ECF No. 36) (the "Status Letter"),[1] in which he purports to update the Court as to (1) certain extra-litigation complaints and demands he has made relating to the same credit card application at issue in the above-captioned action (the "Credit Card Application") that he submitted on behalf of Zero Point MGMT (the "Trust") and (2) his intention to seek leave to amend his Complaint in the future.

## I. Background

Magistrate Judge Stein's July 17, 2026 R&R (ECF No. 33) recommended dismissing the Complaint with prejudice, and without leave to amend, because (a) Mr. Boyce insists on proceeding *pro se* and refuses to retain counsel to prosecute the claims of a Trust for which he serves as trustee and (b) he fails to state any cognizable claim for relief. Magistrate Judge Stein also considered whether Mr. Boyce should be granted leave to amend his pleading and correctly concluded that leave to amend should be denied on futility grounds, as even "[p]utting aside Boyce's procedural maneuvers over the last several months, the problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it." R&R at 27 (alteration in original) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Mr. Boyce filed an Objection to the R&R, which has been fully briefed and is pending before the Court.

Six weeks after the R&R issued, Mr. Boyce sent Chase a letter dated September 4, 2026 (the "Demand Letter," attached hereto as Exhibit A). The Demand Letter directs Chase to, among other things, preserve but also produce various categories of documents within thirty days under 12 C.F.R. § 1002.12(b). Every document the Demand Letter seeks relates to the Trust's Credit Card Application and effectively consists of the document requests he would serve in this case.

[1] In light of the Status Letter relating to both pre-trial matters and Mr. Boyce's pending objection to the report and recommendation on Chase's motion to dismiss (ECF No. 33) (the "R&R"), we respectfully direct this response to both of Your Honors' attention.

As will be discussed in more detail below, while this regulation relates to the preservation and retention of records, it does not contain a mandatory document production requirement as Mr. Boyce suggests.

In the Status Letter, Mr. Boyce also states that he "anticipates moving for leave to file a First Amended Complaint under Rule 15(a)(2) after [Chase's] 30-day [] window" to purportedly produce documents requested by the Demand Letter.

### II. Mr. Boyce Has No Right to Any Documents from Chase

As a threshold matter, Mr. Boyce presents only one basis for seeking to amend the Complaint—that he will or should obtain additional documents from Chase pursuant to a request under 12 C.F.R. § 1002.12(b). However, on its face, that regulation relates to document preservation, not document production. Section 1002.12 is captioned "Record retention," and subsection (b) thereof is captioned "Preservation of Records." At most, this provision directs a creditor to retain records for a specified period; it says nothing about producing those records upon demand. *See El v. Platinum Home Mortg. Servs., Inc*, 2011 WL 13185748, at *15 (N.D. Ga. Apr. 1, 2011), *report and recommendation adopted*, 2011 WL 13192676 (N.D. Ga. May 11, 2011), *aff'd sub nom. Khufu El v. Platinum Home Mortg. Servs., Inc.*, 490 F. App'x 306 (11th Cir. 2012) (finding claim premised on a creditor's failure to provide a copy of a loan application to an applicant under materially identical provision of Regulation B should be dismissed because "nothing in [that regulation] requires a creditor to provide a copy of the application to the borrower"); *Seiler v. Synchrony Bank*, 2014 WL 12888636, at *3-4 (E.D. Ky. Nov. 18, 2014) (treating materially identical regulation as a record-preservation requirement); *see also Nnebe v. Aidvantage*, 2025 WL 1101026, at *2 (D. Nev. Apr. 11, 2025) (rejecting a *pro se* plaintiff's reliance on materially identical regulation as the basis for arguing that a servicer was obliged to produce an original "wet-ink" promissory note rather than a photocopy, with the Court finding no authority for the basis that the regulation created any such enforceable duty).

Mr. Boyce has not sought the above-referenced documents through formal discovery requests in this action—nor would any such requests be appropriate at this juncture in these proceedings or under the Federal Rules of Civil Procedure. To the extent Mr. Boyce nonetheless seeks to commence discovery, Chase intends to file a motion to stay discovery in light of the recent R&R recommending dismissal of all of Mr. Boyce's claims with prejudice.

### III. Mr. Boyce Should Not Be Permitted to Amend The Complaint Because, As Magistrate Judge Stein Already Held, Any Amendment Would Be Futile

Mr. Boyce cannot amend the Complaint as of right. Rather, he may do so only with leave of the Court. Fed. R. Civ. P. 15(a)(2). Magistrate Judge Stein has already rejected any amendment as futile, *see* R&R at 27-28, and hypothetical future discovery is not an adequate basis for granting leave to amend the Complaint. *See* Chase's Response to Plaintiff's Objections to the R&R (ECF No. 35) at 19-20; *Mansour v. Stanley*, 2026 WL 636874, at *13 (S.D.N.Y. Mar. 6, 2026) (denying leave to amend that was sought on the ground that "discovery may reveal additional facts that would cure any defect" because "discovery does not precede the obligation to plead a plausible claim.").

Mr. Boyce's improper and extra-litigation request for documents only serves to bolster the R&R. Mr. Boyce demands the Trust's Credit Card Application file and other documents that relate to the Trust, and seeks the Trust's records to press the Trust's claims. That is precisely what he may not do without counsel, and it is his latest attempt in a sustained effort, across multiple proceedings, to work around court orders enforcing the well-settled rule that an artificial entity must be represented through counsel.

**IV. Mr. Boyce's Additional Complaints Are Not Before This Court**

Mr. Boyce states that he has filed complaints with certain regulators about the same Credit Card Application. Chase reserves all rights with respect to those complaints, but they are not before this Court and have no bearing on the R&R or Mr. Boyce's Objection to it.

***

For the reasons stated above and in its Response to the Objection to the R&R, the Court should adopt the R&R in full and dismiss this action with prejudice. Chase reserves all rights, including the right to oppose any motion for leave to amend, to file a motion to stay discovery, and to seek appropriate relief if Mr. Boyce continues to serve extra-litigation discovery demands.

We thank the Court for its attention to this matter and are available should the Court have any questions with respect to any of the above.

Respectfully submitted,

*/s/ Sylvia E. Simson*

Sylvia E. Simson

cc: Malcolm Blair Boyce (*pro se*)