# Exhibit A

Malcolm Boyce
350 Canal Street
Suite 194
New York, NY 10013

September 4th, 2026

**Re: Preservation Demand, Request for Application Records, and Notice of Apparent FCRA and ECOA/Regulation B Noncompliance**

Applicant: Malcolm Blair Boyce
Applicant Entity: Zero Point MGMT
Product: Sapphire Reserve for Business Credit Card
Chase Reference No.: 250803576705
Adverse Action Date: August 5, 2025
Related Litigation: Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (GBD)(GS) (S.D.N.Y.)

To Whom It May Concern:

This letter serves as (i) a formal demand for records under 12 C.F.R. § 1002.12(b) (Regulation B); (ii) notice of preservation obligations attaching to Chase's Sapphire Reserve Business Visa application file for Malcolm Blair Boyce and Zero Point MGMT, Reference No. 250803576705; and (iii) notice that Chase's August 5, 2025 adverse-action letter appears deficient under 15 U.S.C. § 1681m(a) and 12 C.F.R. § 1002.9. Because Mr. Boyce is a plaintiff in Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (GBD)(GS) (S.D.N.Y.), and because the underlying credit application and related records are within the scope of that action, this letter also triggers your continuing duty to preserve all electronically stored information and paper records identified below.

Please read this letter carefully. It is not a settlement communication. Nothing in this letter waives any right, remedy, defense, claim, counterclaim, or objection. All rights are expressly reserved.

## I. BACKGROUND

On or about August 3rd 2025, Chase received the Sapphire Reserve Business Visa application submitted on behalf of Zero Point MGMT, Mr. Boyce, as principal and personal guarantor, provided his individual Social Security Number and signed a personal guarantee for the account. Chase used that authorization to obtain a consumer report on Mr. Boyce from one or more consumer reporting agencies (“CRAs”). A hard inquiry from JPMorgan Chase Bank, N.A. is reflected on Mr. Boyce's individual consumer credit file for the relevant period.

On August 5, 2025, Chase Card Services issued a written adverse-action notice denying the application. The stated reason was that Chase “do[es] not currently lend to businesses of your business/entity type.” The letter carries Reference No. 250803576705. The letter contains, on its face, none of the FCRA-mandated disclosures required when adverse action is taken based in whole or in part on a consumer report — no CRA name, address, or telephone; no statement that the CRA did not make the decision; no notice of the right to a free consumer report within 60 days; and no notice of the right to dispute the accuracy of information in the consumer report. The letter also does not disclose the applicant's right under Regulation B to obtain a statement of specific reasons for the adverse action within 30 days if requested within 60 days of notification, nor does it identify the person or office from which such a statement may be obtained.

## II. RECORDS DEMAND UNDER 12 C.F.R. § 1002.12(b)

Regulation B, 12 C.F.R. § 1002.12(b), requires a creditor to retain, for 12 months after the date on which a creditor notifies an applicant of action taken on an application, all records relating to that application. That retention period is currently in force for the file identified above. Under the same rule, Mr. Boyce is entitled to inspect and obtain copies of documents in that file that pertain to him individually as a personal guarantor and as the subject of the consumer report Chase obtained.

Within thirty (30) days of your receipt of this letter, Chase is demanded to produce the following, in complete and unredacted form (except as required by applicable privacy law with respect to third-party information):

1. The complete application file for the Sapphire Reserve Business Visa application submitted in the name of Zero Point MGMT under Reference No. 250803576705, including all pages, exhibits, signature pages, attachments, and electronically submitted content.

2. All personal-guarantee documents signed or electronically executed by Malcolm Blair Boyce in connection with the application, together with any accompanying disclosures, consent forms, or authorization forms.

3. All authorizations, consents, and signature-capture records evidencing Mr. Boyce's authorization for Chase to obtain a consumer report on him in connection with the application.

4. A copy of any disclosure provided to Mr. Boyce at the time of application (or otherwise) advising him of his right under 12 C.F.R. § 1002.9(a)(2)(ii) to receive a statement of specific reasons for adverse action within 30 days if requested within 60 days of notification, together with all information required by 12 C.F.R. § 1002.9(a)(3)(i)(B), including the name, address, and telephone number of the person or office from which such a statement may be obtained, and the Equal Credit Opportunity Act notice specified in 12 C.F.R. § 1002.9(b)(1).

5. All communications, whether written, electronic, oral (memorialized), or otherwise, between Chase and any CRA concerning Mr. Boyce or Zero Point MGMT in connection with the application, including inquiry logs, tradeline data returned, and any credit score(s) obtained.

6. The identity (name, address, and telephone number) of each CRA that furnished a consumer report on Mr. Boyce used in whole or in part in connection with the application.

7. All internal underwriting notes, decision logs, scorecards, adverse-action code mappings, and decisioning records reflecting the reasons the application was declined.

8. All model, product-eligibility, or entity-type rules, criteria, or matrices referenced in Chase's stated declination rationale that Chase “do[es] not currently lend to businesses of [Mr. Boyce's] business/entity type,” together with any written policy defining the entity types to which Chase does not lend for the Sapphire Reserve Business Visa product as of August 5, 2025.

9. The complete copy of the August 5, 2025 adverse-action notice as issued (front and reverse), including all attachments, envelope, and mailing metadata.

10. A copy of Chase's litigation-hold notice(s) issued in connection with this application and with Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (S.D.N.Y.).

## III. NOTICE OF APPARENT FCRA § 1681m(a) NONCOMPLIANCE

The August 5, 2025 adverse-action letter appears to violate 15 U.S.C. § 1681m(a). That statute provides that if any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall provide notice of the adverse action to the consumer and shall provide to the consumer: (i) the name, address, and telephone number of the CRA that furnished the report; (ii) a statement that the CRA did not make the decision to take the adverse action and cannot provide the consumer with specific reasons for the action;

and (iii) notice of the consumer's right to a free consumer report from that CRA within 60 days and of the right to dispute with the CRA the accuracy or completeness of any information the CRA furnished.

Because Mr. Boyce authorized and consented to Chase's use of his individual consumer report as personal guarantor for the Sapphire Reserve Business Visa application, and because a hard inquiry from Chase appears on his consumer credit file for the relevant period, Chase used consumer report information about Mr. Boyce in taking the adverse action reflected in the August 5, 2025 letter. The letter contains none of the disclosures required by § 1681m(a)(2) and (3). Chase is on notice of that apparent violation.
Mr. Boyce reserves all rights and remedies available under FCRA, including the right to file complaints with the Consumer Financial Protection Bureau under 15 U.S.C. § 1681s and with the Office of the Comptroller of the Currency as Chase's primary safety-and-soundness regulator.

## IV. NOTICE OF APPARENT ECOA / REGULATION B NONCOMPLIANCE

The August 5, 2025 adverse-action letter also appears to violate the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), and Regulation B, 12 C.F.R. § 1002.9. For business credit to an applicant with gross revenues of $1 million or less in its preceding fiscal year, 12 C.F.R. § 1002.9(a)(3)(i) requires the creditor to comply with paragraphs (a)(1) and (a)(2), including disclosure of either a statement of specific reasons for the action taken or a disclosure of the applicant's right to a statement of specific reasons within 30 days if requested within 60 days of the creditor's notification. If the creditor elects to disclose the right-to-reasons at the time of application in lieu of at adverse action, that disclosure must include the information required by § 1002.9(a)(2)(ii), including the name, address, and telephone number of the person or office from which the statement of reasons can be obtained, and the ECOA notice specified in § 1002.9(b)(1).

The August 5, 2025 letter contains no such disclosure. The reverse of the letter contains only the anti-discrimination notice of 12 C.F.R. § 1002.9(b)(1), not the right-to-reasons disclosure of § 1002.9(a)(2)(ii). Chase's compliance with Regulation B cannot be determined without production of the application-time disclosures demanded above.

Pursuant to 12 C.F.R. § 1002.9(a)(2)(ii), Mr. Boyce hereby requests, a written statement of the specific reasons for the adverse action taken on the application. Chase is required to provide that statement within 30 days of its receipt of this request. The statement must identify with specificity the principal reason(s) for the action taken, not merely restate that Chase does not lend to entities of Mr. Boyce's business/entity type.

## V. LITIGATION-HOLD PRESERVATION DEMAND

Chase is a party to Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (GBD)(GS) (S.D.N.Y.). The application file, credit-pull records, personal-guarantee documents, and all communications concerning Mr. Boyce identified in this letter are, at minimum, reasonably likely to be relevant to that action or to any amendment, supplement, or related proceeding. Chase is instructed to preserve, and to instruct its officers, employees, agents, contractors, vendors, servicers, and affiliates to preserve:

1. All electronically stored information (“ESI”) relating to the application, including but not limited to emails, chat messages, ticket-system entries, decisioning-platform logs, application-portal submissions, imaged application pages, PDF renderings, and metadata.

2. All paper records relating to the application, including the physical application form (if any), attached signature pages, notes, and internal routing slips.

3. All CRA inquiry records, credit-pull records, scorecards, and decisioning artifacts referencing Mr. Boyce.

4. All templates, form letters, and standardized adverse-action notices in use by Chase Card Services for business credit products as of August 5, 2025, together with any successor versions.

5. All internal policies, procedures, training materials, and compliance manuals addressing FCRA § 1681m(a) adverse-action-notice compliance and ECOA / Regulation B § 1002.9 compliance in force at the time of the application and adverse action.

6. All routine document-destruction, purge, retention, or auto-delete processes that could result in destruction, alteration, or loss of any of the foregoing categories. Such processes must be suspended immediately as to responsive materials.

Failure to preserve these materials may constitute spoliation and expose Chase to adverse-inference instructions, monetary sanctions, and other relief under Federal Rule of Civil Procedure 37(e) and the inherent authority of the Court.

## VI. RESPONSE INSTRUCTIONS

Please direct all correspondence, productions, and communications concerning this letter to Mr. Boyce at the address in the letterhead above. Because Mr. Boyce is

proceeding pro se in the related federal action, Chase's compliance with this letter — or its refusal to comply — will be included in the record before the United States District Court for the Southern District of New York in Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (GBD)(GS).

Deadlines:

1. Records production under 12 C.F.R. § 1002.12(b): within 30 days of Chase's receipt of this letter.

2. Statement of specific reasons under 12 C.F.R. § 1002.9(a)(2)(ii): within 30 days of Chase's receipt of this letter (that receipt to be treated as the operative written request under § 1002.9(a)(2)(ii)).

3. Confirmation of litigation hold and preservation of the materials identified in Section V: within 14 days of Chase's receipt of this letter.

Nothing in this letter is intended to, nor shall it, waive or limit any right, claim, remedy, defense, or objection available to Mr. Boyce under FCRA, ECOA, Regulation B, the Federal Rules of Civil Procedure, or otherwise at law or in equity. All rights are expressly reserved.

Sincerely,

______________________________

Malcolm Blair Boyce
Individually, and as Assignee of Zero Point MGMT
350 Canal Street, Suite 194
New York, NY 10013

Enclosures:
Ex. A — August 5, 2025 Chase adverse-action letter (Ref. No. 250803576705)
Ex. B — Excerpt of Mr. Boyce's consumer credit report reflecting Chase hard inquiry

cc:
Consumer Financial Protection Bureau (via consumerfinance.gov/complaint)
Office of the Comptroller of the Currency (via helpwithmybank.gov)

File — Boyce v. JPMorgan Chase Bank, N.A., No. 1:25-cv-10131 (GBD)(GS) (S.D.N.Y.)