**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MALCOLM BLAIR BOYCE,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No. 1:25-cv-10131 (GBD)(GS)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** |

## PRELIMINARY STATEMENT

Plaintiff Malcolm Blair Boyce, proceeding *pro se*, respectfully moves under Federal Rule of Civil Procedure 59(e) for a narrow modification of the judgment entered on the Court's Memorandum Decision and Order dated September 22, 2026 (ECF No. 39) (the "Order"). The motion does not ask the Court to revisit its adoption of the Report and Recommendation (ECF No. 33), its conclusion that dismissal under Rule 41(b) is warranted, its rejection of Plaintiff's Rule 17(a)(3) and *Guest v. Hansen* arguments, or its dismissal of the four pleaded causes of action under Rule 12(b)(6).

Plaintiff asks for two limited changes to the form of the judgment. First, that the dismissal under Rule 41(b) operate without prejudice, as Rule 41(b) expressly permits when "the dismissal order states otherwise." Second, that the judgment expressly reserve the right of a properly represented party to bring, in a separate action, claims that were never asserted in this action: claims under federal consumer-credit statutes, including the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, arising from Defendant's August 5, 2025 notice of adverse action.

The basis for the motion is straightforward. The Court dismissed this action because a nonlawyer may not prosecute an artificial entity's claims, and may not circumvent that rule by assignment. (Order at 6–9.) A dismissal without prejudice, coupled with a reservation limited to properly represented parties, fully vindicates that rule. A dismissal with prejudice goes further: it threatens to extinguish, as an adjudication on the merits, claims that no party has pleaded and no court has examined. That result exceeds the purpose of the sanction and would work a manifest injustice.

## BACKGROUND

The procedural history is set out in the Order and is not repeated here. (Order at 1–4.) As relevant to this motion, the Order (i) dismissed the action under Rule 41(b) on the ground that this action was an impermissible attempt to circumvent the rule that an artificial entity must appear through counsel (*id.* at 5–9); (ii) in the alternative, dismissed the four pleaded causes of action—breach of contract, wrongful dishonor, unjust enrichment, and declaratory judgment—under Rule 12(b)(6) (*id.* at 9–12); (iii) denied leave to replead as futile (*id.* at 12); and (iv) dismissed the Complaint "in its entirety with prejudice" (*id.* at 13).

In assessing the fifth *Drake* factor, the Order considered whether substitution under Rule 17(a)(3) was an available lesser sanction and concluded that it was not. (*Id.* at 8–9.) The Order concluded that "no lesser sanction than dismissal would effectively address" the failure to retain counsel. (*Id.* at 8 (quoting *Garcia v. Thomas*, No. 21-CV-636 (GBD) (BCM), 2023 WL 3354757, at *4 (S.D.N.Y. Apr. 25, 2023)).) The Order did not separately address whether the dismissal should be with or without prejudice.

No claim under ECOA or its implementing regulation, Regulation B, 12 C.F.R. pt. 1002, was pleaded, briefed, or decided in this action or in *Zero Point MGMT v. Chase Bank/JP Morgan*

*Chase Co.*, No. 25-CV-8413 (GBD) (GS) (the "Zero Point Action"), which was voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i). (Zero Point Action, ECF No. 30; Order at 3.)

## LEGAL STANDARD

"A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (cleaned up). A Rule 59(e) motion must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). This motion is timely.

Rule 41(b) provides that, "[u]nless the dismissal order states otherwise," a dismissal under that subdivision "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Whether a Rule 41(b) dismissal is with or without prejudice is therefore committed to the Court's discretion and is expressly contemplated by the text of the Rule.

## ARGUMENT

### I. DISMISSAL WITHOUT PREJUDICE IS THE LESS DRASTIC SANCTION THAT FULLY SERVES THE PURPOSE OF THE COURT'S RULING.

Dismissal under Rule 41(b) "is a 'harsh remedy' . . . reserved for 'extreme situations.'" *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) (quoted in Order at 5). The fifth factor of the governing test asks "whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The Second Circuit has "explained that district courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* Where a district court does not

meaningfully apply these factors, the Second Circuit has vacated the dismissal. *See Baptiste v. Sommers*, 768 F.3d 212, 216–19 (2d Cir. 2014).

Plaintiff does not ask the Court to revisit its conclusion that dismissal of this action is warranted. The point is narrower. The Order's lesser-sanction analysis compared dismissal against one alternative—Rule 17(a)(3) substitution—and found that alternative unavailable. (Order at 8–9.) It did not consider the most common lesser sanction within the category of dismissal itself: dismissal without prejudice. That alternative is not a matter of form. Under Rule 41(b)'s default rule, a dismissal with prejudice "operates as an adjudication on the merits," with preclusive consequences for claims beyond those pleaded. *See* Part II, *infra*.

The conduct the Order identified is specific: a nonlawyer's attempts to prosecute an artificial entity's claims without counsel. (Order at 6–9.) The Order did not rest on a finding that the underlying dispute lacks any possible merit in the hands of counsel, or that Defendant has suffered prejudice beyond the burden of defending two pro se actions. (*Id.* at 8.) A dismissal without prejudice fully addresses the identified conduct. It ends this action. It ends Plaintiff's pro se prosecution of these claims. And it leaves any future claim to be brought, if at all, by a party appearing through counsel where the law requires it. Nothing further is needed to protect Defendant, the Court's docket, or the rule announced in *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22–23 (2d Cir. 1983).

The New York Court of Appeals has recognized this same distinction between a dismissal that addresses *who* may litigate and one that adjudicates the *merits*. In *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8 (2008), the court held that a dismissal "without prejudice," entered because a corporation lacked capacity to sue, had no res judicata effect on a later action brought by the corporation's successor. The Rule 41(b) ruling here is, in substance, a ruling about

representation and capacity to litigate, not about whether Defendant's conduct was lawful. Its judgment should be framed accordingly.

## II. A WITH-PREJUDICE JUDGMENT WOULD EXTINGUISH CLAIMS THAT WERE NEVER PLEADED OR ADJUDICATED.

The preclusive effect of this Court's judgment matters because the claims at risk have never been before any court. The Complaint pleaded four state-law causes of action. (Order at 9.) The Order's futility determination addressed Plaintiff's request to "allege more specific facts and 'develop alternative contract theories.'" (Order at 12 (quoting Objs. at 20–22).) It did not consider—because no party raised—whether a properly represented party could state a claim under ECOA, 15 U.S.C. § 1691(d), or Regulation B, 12 C.F.R. § 1002.9, which govern the content of notices of adverse action, including in connection with applications for business credit. *See* 12 C.F.R. § 1002.9(a)(3).

Because this action was pleaded in diversity, the claim-preclusive effect of the judgment is governed by a federal rule that incorporates the preclusion law of the State in which this Court sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). New York follows a transactional approach under which a final judgment on the merits may bar later claims arising from the same transaction, even if those claims were not raised. Absent modification, Defendant could argue in any later action that a with-prejudice judgment here bars every claim arising from the August 5, 2025 denial, including statutory claims no court has considered and claims that, under the Court's own reasoning, belong at least in part to an entity that may litigate only through counsel.

New York law, and the Second Circuit applying it, recognize the tool that avoids that result. Claim preclusion does not apply where "[t]he court in the first action has expressly

reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b) (1982). In *Rosenthal v. Roosevelt Island Operating Corp.*, No. 25-1667 (2d Cir. Aug. 10, 2026), the Second Circuit held that "while a final judgment on the merits normally extinguishes all other claims arising from the same transaction, a concurrent dismissal without prejudice for some claims preserves a plaintiff's ability to refile those specific claims in a second action." Slip op. at 20. The court relied on New York's adoption of the Restatement exception. *Id.* at 18–19 & n.5 (citing *Landau*, 11 N.Y.3d at 14, and *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999)).

*Rosenthal* shows that the relief requested here leaves the Court's merits rulings intact. The Court may keep its Rule 12(b)(6) dismissal of the four pleaded causes of action, with prejudice, while expressly reserving unpleaded federal statutory claims for a separate action by a properly represented party. That is precisely the structure the Second Circuit endorsed in *Rosenthal*.

Entering a judgment that silently extinguishes those claims would be a manifest injustice within the meaning of *Metzler*, 970 F.3d at 142. The claims would be lost not because any court found them deficient, but as a byproduct of a sanction directed at the manner of representation. Defendant, by contrast, would lose nothing it is entitled to keep. Any later action would remain subject to every defense, including defenses on the merits, timeliness, standing, and capacity.

## III. THE REQUESTED MODIFICATION IS NARROW AND DOES NOT DISTURB THE COURT'S RULINGS.

The modification Plaintiff seeks is limited to the wording of the judgment. The Report remains adopted. Defendant's motion remains granted. This action remains closed. The Court's

Rule 41(b) determination, its rejection of the Rule 17(a)(3) and *Guest* arguments, its Rule 12(b)(6) rulings, and its denial of leave to replead in this action all remain in place.

Nor does the motion seek to evade the rule the Court enforced. Plaintiff does not ask to represent Zero Point MGMT and does not ask that any claim be reserved for pro se prosecution on its behalf. The reservation requested runs only to a party "appearing through counsel where required by law." The proposed language thus reinforces, rather than undermines, the Court's holding that an artificial entity's claims must be prosecuted by counsel.

The proposed amended judgment, submitted herewith, would provide that: (1) the dismissal of the four pleaded causes of action under Rule 12(b)(6) is with prejudice; (2) the dismissal under Rule 41(b) is without prejudice; and (3) the judgment is without prejudice to, and the Court expressly reserves, the right of Plaintiff or Zero Point MGMT, appearing through counsel where required by law, to assert in a separate action any claim not asserted in this action arising under ECOA, 15 U.S.C. § 1691 *et seq.*, or Regulation B, 12 C.F.R. pt. 1002, relating to Defendant's August 5, 2025 notice of adverse action. The proposed judgment states expressly that it does not determine the merits or timeliness of any such claim and does not waive any defense.

In the alternative, if the Court declines to modify the with-prejudice character of the Rule 41(b) dismissal, Plaintiff respectfully requests that the Court enter only the express reservation in paragraph (3). That reservation alone would avoid the injustice identified in Part II while leaving every other aspect of the judgment unchanged.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter the proposed amended judgment or, in the alternative, amend the judgment to include the express reservation described above. Plaintiff submits this motion without waiver of his right to appeal and notes that a timely Rule 59(e) motion postpones the time to file a notice of appeal until entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv).

Dated: October 6th, 2026

New York, New York

Respectfully submitted,

Malcolm Blair Boyce
Plaintiff, Pro Se
350 Canal Street, Suite 194
New York, NY 10013
(718) 864-6042
MalcolmBBoyce@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rules 6.3 and 7.1(c), I certify that the foregoing memorandum of law was prepared with a computer and contains 2027 words, exclusive of the caption, signature block, and this certificate, as counted by the word-processing program used to prepare it, and therefore complies with the 3,500-word limit applicable to briefs in support of motions for reconsideration.

______________________________

Malcolm Blair Boyce